Johnson Ginn *et al.,* appellants, *v.* Charles Rogers, appellee.

*Appeal from Jo Daviess Co. Court.*

The Jo Daviess County Court has not original jurisdiction in cases of forcible entry and detainer, nor has the Circuit Court, their jurisdiction being co-extensive. They can only obtain it by way of an appeal from the judgment of a justice of the peace, in whom, originally, it is exclusively vested.

Consent of parties cannot confer jurisdiction upon a Court in which the law has not vested it.

Forcible Entry and Detainer, originally brought by the appellee before a justice of the peace of Jo Daviess county. The case was submitted to a jury, but they could not agree upon a verdict, and the counsel of the parties, by mutual agreement, transferred the case to the Jo Daviess County Court. A motion was made, on affidavit being filed, to dismiss the suit, which was overruled.

At the November term 1846, the Hon. Hugh T. Dickey presiding, the cause was submitted to a jury, who returned a verdict of "guilty" against the defendants below, upon which verdict the Court rendered a judgment for possession of the premises in controversy. The defendants appealed to this Court.

*O. C. Pratt,* for the appellants, relied on the following points and authorities for the reversal of the judgment:

I.   The County Court erred in refusing to dismiss this cause on the motion made by the defendant, Ginn, on the affidavit filed therewith.

1.   Because it appeared from the affidavit that Ginn never consented that this cause should be removed to the County Court, and that his co-defendant was his son, and an infant;

2.   Because it appeared that this cause came into that Court, not by appeal, but by the consent of the attorneys in the justice's court; .

3.   Because the defendant, Ginn, objected and dissented to the Court's exercising jurisdiction over his person; and

4.   Because Ginn had a right to dissent to the agreement made by his attorney before the justice; for even if he had made such an agreement in person, he could not be bound by it, so that the Court could exercise jurisdiction over his person until he voluntarily consented in that Court to enter his appearance.   But he swears that he never authorized the removal of the cause to the County Court, and his affidavit is a part of the record.   7 Com. Dig. 209, marg. page; 2 Wilson, 371.

II.   The County Court has only appellate jurisdiction, and erred in entertaining original cognisance of this cause.   The action of Forcible Entry and Detainer is a summary remedy, given by statute, to recover the possesion of lands and tenements.   Exclusive original jurisdiction is conferred upon justices of the peace by the terms of the Act itself.   In summary proceedings under a statute, the provisions of the statute must be strictly complied with.   *Day* v. *Cushman,* 1 Scam. 475.   Besides, the phraseology of the 95th section of the Revised Statutes, title, "justices," is precisely similar, and this Court has held, that under that statute justices of the peace have exclusive original jurisdiction of assaults, affrays, &c.   *Carpenter* v. *The People,* 4 Scam. 198.

III.   As the County Court could obtain jurisdiction by appeal only, that Court erred in entertaining this cause,

when no judgment was rendered by the Court below by the justice. *Miller* v. *Adams*, 4 Scam. 196; *Pentecost* v. *Magahee*, Ib. 327; *Sweet* v. *Overseers of Clinton*, 3 Johns. 23; *Peters* v. *Parsons*, 18 do. 140; *Breeze* v. *Williams*, 20 do. 280; *People* v. *Schoharie Common Pleas*, 2 Wend. 260. There was nothing to appeal from, and by statute, no appeal can be had, except "in case either party shall be aggrieved by the verdict of the jury or the decision of the justice."

IV. The transcript of the justice shows that no judgment was rendered before the justice, and it is only by his return that jurisdiction can be shown; and his return is conclusive. *Rawson* v. *Adams*, 17 Johns. 130; *Starr* v. *Trustees of Rochester*, 6 Wend. 564; *Birdsall* v. *Phillips*, 17 do. 466.

V. The cause did not come into the County Court by appeal, there being nothing to appeal from, and no appeal even in form being taken, the only inquiry then, is, whether the County Court had jurisdiction of it as an original action. Did its adjudication need the aid of any previous proceedings to be sustained. *Allen* v. *Belcher*, Adm'r. 3 Gilm. 596.

VI. The whole of the proceedings are void, being *coram non judice*. The County Court could hold cognizance of the cause only in the manner provided by law; and the defect is not cured though the parties appeared and proceeded to trial without any objections, and though the Court in fact heard, tried, and gave judgment. *Latham* v. *Edgerton*, 9 Cowen, 227; *Ex parte Shethar*, 4 do. 540; *Trader* v. *McKee*, 1 Scam. 558; *Coffin, Ex'r.* v. *Tracy*, 3 Caines, 128.

VII. It makes no difference whether the Court be one of limited or general jurisdiction, it cannot hold cognizance of a cause without having gained jurisdiction of the persons of the defendants in the manner required by law. *Bigelow* v. *Stearns*, 19 Johns. 39; *Evans* v. *Pierce*, 2 Scam. 469; 9 Cowen, 227; 2 Tyler, 218; Bre. 32, 142; 1 Bibb, 262; Hardin, 96.

VIII. The objection being to the jurisdiction, it may be made at any stage of the proceedings. 2 Tyler, 218.

IX.   The County Court had no jurisdiction of the persons of the defendants.

*S. T. Logan,* for the appellee.

The Opinion of the Court was delivered by

PURPLE, J.*   The appellee in this case brought an action of Forcible Entry and Detainer against the appellants, before a justice of the peace of Jo Daviess county.   A jury was summoned to try the cause who disagreed and were discharged.

The attorneys who represented the respective parties before the justice, then entered into a written stipulation that the cause should be removed to the County Court, and there tried in the same manner as though a judgment had been rendered by the justice, and an appeal taken therefrom; and, that no objection should be taken in that, or any other Court to which the said suit might be removed, on account of the manner of its removal into the County Court.

Pursuant to this agreement, the justice sent up the transcript of the proceedings before him, together with the agreement, to the County Court.   The appellants appeared and moved to dismiss the proceeding, alleging, that the Court had no jurisdiction of the subject matter of the suit.   This motion was overruled, and a trial was had before a jury, who found a verdict for the appellee.   The appellants moved in arrest of judgment, which was also overruled and judgment rendered on the verdict.

The only question in the case is, whether the County Court had jurisdiction of the subject matter of the suit, under the circumstances before related.

The jurisdiction of this Court, by the law creating it, is co-extensive with that of the Circuit Court within the county of Jo Daviess.   Neither of them have any original jurisdic-

---

*WILSON, C. J. and DENNING, J. did not sit in this case.

Ginn *et al. v.* Rogers.

tion in cases of Forcible Entry and Detainer, and can only obtain jurisdiction by way of appeal from the judgment of a justice, in whom, originally, it is exclusively vested. Rev. Stat. chap. 43, 256. This case was not removed into the County Court by appeal.

If the persons acting in the capacity of attorneys before the justice of the peace had competent authority, as attorneys, to bind their principals by a contract made during the progress of the trial, (a question which the Court does not now decide), to the same extent that the principals might bind themselves; still, this cause would only have been pending in the County Court by the consent of parties, and would have occupied the same position, so far as jurisdiction is concerned, as though no proceedings had ever been instituted before the justice. With respect to this action of Forcible Entry and Detainer, it is an appellate Court only. Consent of parties cannot confer jurisdiction. The proceedings in this case, in the County Court, are *coram non judice.*

The judgment of the County Court of Jo Daviess county is reversed, at the costs of the appellee, both in this Court and in the Court below.

*Judgment reversed.*