## SMALL *v.* GWINN.

The Legislature cannot confer any jurisdiction upon justices of the peace over cases where the amount in dispute exceeds in value the sum of $200; the statute giving them jurisdiction over cases of disputed mining claims has been already construed by this Court by this rule, to which there are no exceptions.

The objection to the jurisdiction, on the ground of excess of value of the subject of controversy, is properly taken by answer: and when so taken, should be first determined *before* proceeding to hear the merits of the case.

The jurisdiction of justices of the peace in forcible entry and detainer cases, arises from the *quasi* criminal nature of those cases, which fall under the head of special cases, as that term is used in the Constitution.

APPEAL from the County Court of Placer County.

Action to try the right to a mining claim in a Justice's Court. The answer of defendant avers that the value of the mining claim in dispute is $300, and that the justice has no jurisdiction to try the cause.

On the trial, in the County Court, the defendant moved to dismiss the action for want of jurisdiction, on the ground that the property in dispute was real property, which motion was overruled. Plaintiff then moved to strike from the answer the allegation that the claim in dispute was of the value of $300, which motion was sustained, the defendant excepting. Judgment was entered for plaintiff. Defendant moved for a new trial, which was overruled, and defendant appealed.

*Crocker & Robinson* for Appellant.

It matters not whether mining claims in California are to be treated as real or personal property. It is enough that they are the subjects of actions, and, under the Constitution, it is the value of the claim, or " the amount in dispute," which determines what Court is to take jurisdiction. If of less value than two hundred dollars, then a justice has jurisdiction; but if it exceed that amount, the District Court has *exclusive jurisdiction.*

This very question has been substantially decided by this Court in Hicks *v.* Bell, 3 Cal. R., 219, and in Van Etten *v.* Jilson, Jan. T., 1856; Caulfield *v.* Hudson, 3 Cal. R., 389; Zander *v.* Coe, Oct. Term, 1855.

But it is replied that it is the *amount* stated in the complaint which is to determine the question of jurisdiction; and as the value of the claim is not averred in the complaint, therefore the justice had full jurisdiction, and defendant had no right to plead want of jurisdiction.

The cases cited by respondent, on this point, are those where the Court had jurisdiction of matters *above* a certain amount, and it has always been held in such cases that where the plaintiff claims an amount exceeding that necessary to give the Court jurisdiction, that constituted the *amount* in *dispute;* though he might fail to sustain his claim to that full amount. But this principle has never been applied to Courts

of *inferior* jurisdiction, who can only take cognizance of claims *below* a certain amount.

No presumption is to be made in favor of an inferior tribunal; its jurisdiction must appear upon the face of its proceedings.   6 Shepley, 340; 16 Vermont, 340; 2 Dev., 431; 4 ib., 305; 3 Green, 57; 2 Harrington, 25.

But it is also urged that this is a *special case*, like that of an action of forcible entry under the statute, and therefore the Legislature has a right to confer unlimited jurisdiction upon a justice.

This Court has declared that *special cases* do not include any class of cases for which the Courts of general jurisdiction had always supplied a remedy; they must be confined to such *new cases as are the creation of statutes*.   Parsons v. Tuolumne Water Co., Jan. T., 1855.

We contend that this action is not the creation of a statute, but one which was provided under the common law.   Whether a mining claim be considered as real or personal property, or as a mere *franchise* derived from the State, like a *ferry right*—in either case the common law afforded ample remedy.

Ejectment may be maintained for a coal or other mine, although the plaintiff has no title to the soil itself.   Adams' Equity, 20.

So, although he has a mere *license to dig*, if he be in actual possession.   Adams' Eq., 20; Bainbridge on Mines, 96, 405.

The owner of a ferry established by the Legislature is protected in his rights by the common law.   9 Conn. R., 26; 2 Young & Jarvis, 285; 6 Barn & Cres., 703; 3 Murphy, 57; 1 Nott & McCord, 387; 3 Kent's Com., 566; 5 J. C. R., 111; 2 Eden Ch., 271-3 and notes.

*Edwards & English* for Respondents.

I. That the justice of the peace had jurisdiction.   The plaintiffs only sought to try their right to a *mining claim*, and for this purpose his jurisdiction was express.   Compiled Laws, 750, §§ 6, 7.

In the complaint there was neither averment nor demand of value or damages.   The plaintiffs only sought the restitution of the possession of their *claim*.   The defendants, first by their motion, and afterwards by their answer, objected that the value of the claim was over two hundred dollars, and that, therefore, the justice had not jurisdiction.

We insist that in all cases where the jurisdiction depends upon amount or value, the averment and demand of amount or value in the complaint must determine.   Neither the motion nor answer has anything to do with fixing the jurisdiction.   Stevens v. Pearson, 5 Vermt. R., 503; Meirees v. Despont, 2 Wash. C. C., 463; Singleton v. Madison, 1 Bibb, 342; Odell v. Cuthbert, 9 Watts & Serg., 66; Sherman v. Clark, 3 McLean, 91; Boon v. Poindexter, 12 Sm. & M., 640; Gordon v. Longest, 16 Pet. R., 97.

The objection, if it obtained at all, would apply with equal force to actions of forcible or unlawful entries and detainers of land, and consequently it would be in the power of the defendant in all such actions to procure a dismissal of the action whenever the property is of a value

exceeding two hundred dollars. Such a doctrine would almost destroy that action which has hitherto been held to lie in all cases to which it is adapted, regardless of the value of the property detained. We think that this objection is already overruled by this Court in O'Callaghan v. Booth, and Van Etten & Steel v. Jilson and others.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

In Zander v. Coe, 5 Cal. R., we decided that the Legislature could not confer on justices of the peace any jurisdiction where the amount in controversy exceeds two hundred dollars. There can be no exception to this rule, and in Van Etten et al. v. Jilson, January Term, '56, in construing the statute giving them jurisdiction of mining claims, we expressly confine it to such as are of the value of two hundred dollars.

Their jurisdiction in forcible entry and detainer cases arises from the nature of those cases, they being *quasi* criminal; and coming under the head of special cases, as that term is used in our Constitution, the Legislature has the right to dispose of the jurisdiction in those cases according to its own wisdom ; and that action would be maintainable as well for a mining claim as for other land, where the circumstances would warrant it.

The objection to the jurisdiction of the justice, on the ground of excess in the value of the subject of controversy, was properly made by the answer, and that should have been first determined before he proceeded to hear the merits of the case.

Judgment reversed and cause remanded.