WILLIAM J. BROUNTY, AS ADMINISTRATOR OF THE
ESTATE OF GUNDER HAMERE, DECEASED, PLAINT-
IFF IN ERROR, V. W. B. DANIELS, H. M. BRONSON,
J. D. HAMILTON, C. M. AND L. J. McCORMICK,
DEFENDANTS IN ERROR.

**Appeal from County Court:** MOTION TO DISMISS ON GROUND
OF NO JUDGMENT: LIABILITY ON APPEAL BOND. A insti-
tuted an action in replevin in the county court, against B,
for the possession of certain property. The cause was tried to
the court, and the court found as a matter of fact, "that the
right of property and the possession of said property when this
action was commenced was in the plaintiff, and assessed his
damages in the premises at $35." No judgment was rendered
upon this finding. B filed an undertaking with the county
judge for an appeal to the district court. The cause being cer-
tified to that court, A appeared and moved to dismiss the
appeal, for the reason that no judgment had been entered in
the county court from which an appeal could be taken. His
motion was sustained and the appeal dismissed. *Held,* That
no action could be maintained upon the appeal bond for the
reason that there was no judgment rendered in the county
court, and that the attempted appeal was void and the appeal
bond a nullity.

ERROR to the district court for Boone county. Tried
below before HARRISON, J.

*Allen & Robinson,* for plaintiff in error, cited cases
referred to in the opinion.

*Eugene Montgomery,* for defendants in error.

REESE, CH. J.

This was an action upon an appeal bond. From the
record before us it appears that an appeal bond was filed
in the county court of Boone county, in an action before
that time pending, wherein Gunder J. Hamere was plaint-

iff and W. B. Daniels was defendant. The action was in replevin. A trial was had to the court, which resulted in a finding in favor of the plaintiff in the action. The entry in the county court as to the termination of the cause is as follows:

"Plaintiff called his witnesses, A. Lousen, Gottfeld Hauelson, Andrew Gullikson, Lary Bary, F. J. Cooney, and himself, who were sworn. The defendant produced no testimony in the case, whereupon, after having duly considered the evidence offered by plaintiff, the court finds that the right to the property and right to possession of said property, when this action was commenced, was in the plaintiff, and assess his damages in the premises at the sum of $35, and also his costs herein expended, taxed at $9.20."

Soon thereafter the defendant in the action filed an appeal bond, in the usual form, with sureties approved by the county judge. The cause was certified to the district court, as in cases of appeal, where the plaintiff appeared and moved to dismiss the appeal, upon the ground that no judgment had been rendered in the county court. This motion was sustained and the appeal dismissed.

The plaintiff then commenced this action upon the appeal bond, whereby he sought to recover of the sureties thereon the amount of his alleged judgment in the county court. The cause was tried to the district court without the intervention of a jury, which resulted in a finding and judgment in favor of defendant.

The petition was in the usual form. The answer consists of a general denial of the allegations not admitted, an admission of the execution of the undertaking set up in the petition, and an allegation that the original suit or appeal was dismissed upon the motion of plaintiff upon the ground that there was no judgment rendered in the county court from which an appeal could be had, and that at the time of filing the appeal bond, and until the motion to dismiss the appeal, defendants were ignorant of the fact

that there was no judgment rendered against plaintiff in the county court.

The questions presented by this record are : First, Was there a judgment rendered in the county court? and Second, If not, would that fact constitute a defense in this action?

As to the first question, we think there can be no doubt, A judgment is defined to be, "A final determination of the rights of the parties in an action." Civil code, Sec. 428.

In this case there is simply a finding of fact as to the ownership of the property and the assessment of damages.

Section 1041 of the civil code provides, that in all cases where the property has been delivered to plaintiff, where the jury shall find for the plaintiff on trial an award of damages, they shall assess adequate damages to the plaintiff for the illegal detention of the property, for which, with the costs of suit, the justice of the peace shall render judgment against the defendant.

In the proceedings now under consideration, we find that the county judge in effect rendered the finding and verdict upon the facts, similar to what is required of a jury in a similar case. Nothing more can be claimed for it. This being done, it then remained for the county court to render judgment against the defendant, which *was not* done. A finding of fact is not a judgment. There being no judgment from which an appeal could be taken, it would seem to be clearly apparent that the appeal bond or undertaking referred to was a nullity, and that the decision of the district court thereon was correct.

It is insisted by plaintiff in error, that the cases of *Gudtner v. Kilpatrick*, 14 Neb., 347, and *Adams v. Thompson*, 18 Id., 541, are in point and virtually decide this case in his favor. To this we cannot agree. There was no question as to the sufficiency of the judgment from which the appeal was taken in either of the cases named. In the former case it was insisted that notwithstanding the judgment was given, yet it was one from which no appeal

could be taken, the judgment having been rendered by default and in the absence of the defendant in the action. It was said by Judge COBB, in writing the opinion : " To allow the defendant to set up and prove these facts to counteract his own recognizance, would be to allow him to obtain a delay in the issuing of the execution upon the judgment rendered by the justice, and when the delay had been obtained insist that the recognizance which procured it created no legal obligation."

In the latter case it was held that the defendant was " estopped to deny that an appeal had been taken, in contravention of his undertaking executed in conformity to the statute for the purpose of perfecting an appeal, although the same was filed with the justice of the peace after the limitation of the time allowed for that purpose."

It is said by the same writer : "The purpose and object of an appeal in judicial proceedings is generally twofold : First, to enable the losing party to obtain a new trial in a higher court, and thereby possibly escape what he conceives to be an unjust judgment; and second, to stay the issuance of an execution against him. Hence it cannot generally be said that when an appellant fails to obtain a new trial, and fails in the whole object and purpose of his appeal, that he has not enjoyed the benefit of the stay of execution."

In the case at bar no execution could have been issued or enforced upon the finding of the county court. The plaintiff in that action was not entitled to an execution thereon. So far as his ability to enforce the judgment was concerned, he lost no rights by the alleged appeal if he had no judgment from which an appeal could be taken.

It is clear that the judgment of the district court was correct, and it is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.