ALVIN H. ARMSTRONG ET AL. V. SIMON D. MAYER ET AL.

FILED JULY 12, 1900.     No. 11,303.

1. Title to Bill: AMENDMENT: LEGISLATION NOT GERMANE. Where the title to a bill is to amend a particular section, no amendatory legislation not germane to the subject-matter of the original section proposed to be changed is permissible.

2. ———: ———: FORCIBLE ENTRY AND DETAINER: CONSTITUTIONAL LAW. Chapter 82, Laws of 1883, which attempted to amend section 1030 of the Code of Civil Procedure by grafting in the original section the right to appeal from judgments in actions of forcible entry and detainer and forcible detention only, is void as inimical to that part of section 11, article 3, of the constitution, which provides that "No bill shall contain more than one subject, and the same shall be clearly expressed in its title."

3. Statute: REMEDY: JURISDICTION: Where a right is given by statute and a specific remedy is provided designating the tribunal for the enforcement thereof, the jurisdiction of such tribunal is exclusive unless the law otherwise provides.

4. Forcible Entry and Detainer: STATUTORY ACTION: JUSTICE OF THE PEACE. The action of forcible detainer is purely statutory, and original jurisdiction thereof is conferred upon justices of the peace.

5. District Court: ORIGINAL JURISDICTION. District courts have no original jurisdiction of cases in forcible detainer. The jurisdiction of said courts in such actions is by error proceeding only.

6. Jurisdiction: CONSENT OF PARTIES. Consent of parties can not confer jurisdiction of the subject-matter.

7. Supreme Court: JURISDICTION: ERROR: SUBJECT-MATTER. The supreme court has jurisdiction to review by proceeding in error a judgment rendered by the district court without jurisdiction of the subject-matter.

ERROR from the district court of Lancaster county. Tried below before CORNISH, J. Submitted on motion by defendant in error either to dismiss proceedings in error, or affirm the judgment of the court below or vacate the supersedeas. *Motion overruled.*

*Walter J. Lamb* and *Robert Ryan,* in support of motion, argued:

The action of forcible entry and detainer is purely statutory and the statute must be strictly complied with. Where a statute upon a particular subject has provided a special tribunal for the determination of questions pertaining to such subject, the jurisdiction of such tribunal is exclusive unless otherwise expressed or clearly implied from the act. *Hendreschke v. School District,* 35 Nebr., 400; *Macklot v. City of Davenport,* 17 Ia., 379; *Dodson v. Scroggs,* 47 Mo., 285. Such in effect has been the holding of this court. *State v. Palmer,* 18 Nebr., 644; *State v. Chicago, St. P. M. & O. R. Co.,* 19 Nebr., 476; *Cowles v. School District,* 23 Nebr., 655; *State v. Clary,* 25 Nebr., 403; Sedgwick, Statutory and Constitutional Law, 343; *Chandler v. Hanna,* 73 Ala., 390. Is it possible that this court will exercise its appellate jurisdiction in the consummation of a vain purpose? If, upon looking into the record, this court can overlook the transcript from the justice of the peace and thus place itself in such an attitude to this case that a reversal of the judgment of the district court can accomplish nothing, why should this case be permitted to cumber your docket? On behalf of the defendants in error we suggest that we care not if the questions propounded shall be answered in the affirmative, provided this court, in its opinion, will clearly say that the validity and right of enforcement of the judgment of the justice of the peace were in no way impaired by the subsequent proceedings in the district court or in this court, and this we are entitled to, for even if the district court and the justice of the peace had concurrent jurisdiction of the subject-matter, the court which first assumed jurisdiction of the case, conclusively settled the rights of the parties. *Gould v. Hayes,* 19 Ala., 438; *State v. Devers,* 34 Ark., 188; *Averill v. The Steamer Hartford,* 2 Cal., 308; *Parks v. Wilcox,* 6 Colo., 489; *Beeson v. Elliott,* 1 Del. Ch., 368; *Mason v. Piggott,* 11 Ill., 85; *Taylor v. Fort Wayne,* 47 Ind., 274;

*Ex parte Holman,* 28 Ia., 88; *Barkdull v. Herwig,* 30 La. Ann., 618; *Withers v. Denmead,* 22 Md., 135; *Miller v. County Commissioners,* 119 Mass., 485; *Home Ins. Co. v. Howell,* 24 N. J. Eq., 238; *Rogers v. King,* 8 Paige Ch. [N. Y.], 209; *State v. Yarbrough,* 1 Hawks [N. Car.], 78; *Merrill v. Lake,* 16 Ohio, 373; *Chapin v. James,* 11 R. I., 86; *Thompson v. Hill,* 3 Yerg. [Tenn.], 167; *Griffin v. Birkhead,* 84 Va., 612; *Parsons v. Snider,* 42 W. Va., 517; *Heidritter v. Elizabeth Oil Cloth Co.,* 112 U. S., 294; *Clepper v. State,* 4 Tex., 242.

*Charles O. Whedon* and *Burr & Burr, contra:*

The law under which the appeal to the district court was taken is not unconstitutional as contended for by defendants in error. *Webster v. City of Hastings,* 59 Nebr., 563. "If the amendatory law might have been made a part of the original act at the time it was passed, it is valid."

It is objected that the act contains more than one subject. In this objection there is no force. *State v. Page,* 12 Nebr., 386; *Miller v. Hurford,* 13 Nebr., 17; *Gatling v. Lane,* 17 Nebr., 80; *Ballou v. Black,* 17 Nebr., 389; *In re White,* 33 Nebr., 812.

NORVAL, J.

This was an action of forcible detainer instituted before a justice of the peace, where the plaintiffs obtained a judgment of restitution for the premises in controversy. The defendants gave a bond for an appeal, and subsequently filed a transcript of the proceedings in the district court and the cause was docketed therein as on appeal. Both parties appeared in said court, and the trial had therein resulted in another judgment for the plaintiffs for restitution of the premises and costs of suit. The defendants having prosecuted a petition in error to this court, plaintiffs have filed a motion to dismiss for want of jurisdiction, or affirm the judgment of the district court, or vacate the supersedeas. The present submission is upon said motion.

The contention of the plaintiffs is that the district court acquired no jurisdiction of the subject-matter by reason of the appeal, and that, therefore, no jurisdiction was conferred upon this court by the error proceeding. The argument is that no appeal can be taken to the district court from a judgment of a justice of a peace in a forcible detainer action, and that the attempt of the legislature to confer the right of appeal in such actions was abortive, on the ground· that the legislation is unconstitutional. Prior to 1883, there was in this state no statute which attempted to give the right to an appeal in actions of forcible entry and detainer or forcible detainer. Until that year judgments in such actions could be reviewed alone by proceedings in error. *Dale v. Doddridge*, 9 Nebr., 138.

Chapter 10, title 30, of the Code of Civil Procedure relates to actions for the forcible entry and detention, or the forcible detention only, of real property. This chapter in 1881 comprised sections 1019 to 1032, both inclusive, of said Code. Section 1030 as then existing declared that "exceptions to the opinion of the justice, in cases under this chapter, upon questions of law and evidence may be taken by either party, whether tried by a jury or otherwise." The legislature of 1883 (Session Laws, 1883, ch. 82) passed the following act, which received the approval of the governor:

"An act to amend section 1030 of the Code of Civil Procedure.

"*Be it enacted by the Legislature of the State of Nebraska:*

"Section 1. Exceptions to the opinion of the justice in cases under this chapter upon questions of law and evidence may be taken by either party, whether tried by a jury or otherwise; or either party may appeal from the judgment rendered by such justice by giving bond, with two responsible sureties, to be approved by the justice, conditioned: If the plaintiff appeals to satisfy the final judgment and costs; if the defendant appeals to sat-

isfy the final judgment and costs, and pay a reasonable rent for the premises during the time he wrongfully withholds the same.

"Sec. 2. That section 1030 Civil Code, as heretofore existing, be and the same is hereby repealed."

It is under and by virtue of the foregoing amendatory act that the right to appeal in actions like the present one is claimed; and if this legislation is invalid, the right of the defendants to prosecute an appeal to the district court from the judgment of restitution entered by the justice of the peace did not exist. The title of the amendatory act was "An act to amend section 1030 of the Code of Civil Procedure." Under said title no new legislation was allowed which was not germane to the original section 1030. This is the established doctrine of this court. *City of Tecumseh v. Phillips*, 5 Nebr., 305; *Burlington & M. R. R. Co. v. Saunders County*, 9 Nebr., 507; *State v. Lancaster County*, 17 Nebr., 85; *Miller v. Hurford*, 11 Nebr., 377; *State v. Pierce County*, 10 Nebr., 476; *Trumble v. Trumble*, 37 Nebr., 340; *State v. Tibbets*, 52 Nebr., 228; *Horkey v. Kendall*, 53 Nebr., 522; *Webster v. City of Hastings*, 59 Nebr., 563.

It is plain that the amendatory matter contained in the said act of 1883 is foreign, and not germane, to the subject-matter of the original section 1030 of the Code of Civil Procedure. The scope of said original section was to afford litigants in actions like the one with which we are dealings, the right to take "exceptions to the opinion of the justice * * * upon questions of law and evidence," that his decision might be reviewed by proceeding in error. Said original section contains no provision whatever relating to appeals, while the amendatory legislation has attempted to engraft upon the original section 1030 the right to appeal from judgments of justices of the peace in actions for the forcible entry and detention and forcible detention alone of real property. The amendment was foreign to the original section, and the scope of the amendment was not embraced in the title, "An act

to amend section 1030 of the Code of Civil Procedure";
hence the amendatory law conflicts with article 3, section
11, of the constitution, which declares that "No bill shall
contain more than one subject, and the same shall be
clearly expressed in its title." Section 311 of the Code of
Civil Procedure relates to bills of exceptions, and it would
hardly be contended that an amendment to that section
providing for appeals in civil cases to this court would
be germane to said original section 311. Such an amend-
ment would clearly be obnoxious to the constitutional
provisions quoted, but no more so than is the legislation
under review. It follows that the attempted appeal from
the judgment of the justice of the peace was abortive,
and the district court thereby did not acquire jurisdiction
of the subject-matter of the action.

This brings us to a consideration of another question,
which, on the suggestion of the court, has been elabo-
rately briefed by counsel, and that is whether the district
courts have original jurisdiction of actions of forcible
detainer. Jurisdiction of such actions is conferred upon
justices of the peace (Code of Civil Procedure, secs.
905, 1019), and said Code contains no provision confer-
ring original jurisdiction upon the several district courts
of the state, to try and determine actions of forcible entry
and detainer or forcible detainer only. Section 9, article
6, of the constitution provides that "The district courts
shall have both chancery and common law jurisdiction,
and such other jurisdiction as the legislature may pro-
vide," etc.

It has been held, construing this provision, that where
the legislature has conferred a right and provided no
special tribunal for its enforcement, the district court
has jurisdiction. *Foxworthy v. Lincoln & F. R. Co.*, 13
Nebr., 398. The actions of forcible entry and detainer
and forcible detention only are statutory, and the legis-
lature has designated the justices courts as the tribunals
in which said actions may be originally brought. These
actions are purely statutory and the legislature has pre-

scribed the method of procedure, which must be followed. *Blaco v. Haller*, 9 Nebr., 149; *Blachford v. Frenzer*, 44 Nebr., 829. The language of POST, J., in the opinion in *Hendryschke v. Harvard High School District*, 35 Nebr., 401, is quite apposite here, which we quote with approval. It was there stated: "The rule is well settled that where a statute upon a particular subject has provided a special tribunal for the determination of questions pertaining to that subject, the jurisdiction thus conferred is exclusive, unless otherwise expressed or clearly manifested." It follows that the jurisdiction of district courts in actions of forcible detainer is merely appellate; that is, to review the judgments of inferior courts in such actions by appropriate error proceedings. *Herkimer v. Keeler*, 81 N. W. Rep. [Ia.], 178; *Small v. Gwinn*, 6 Cal., 447; *Willer v. French*, 27 Ill. App., 76; *Burns v. Nash*, 23 Ill. App., 552; *Dicks v. Hatch*, 10 Ia., 380; *Ginn v. Rogers*, 9 Ill., 131; *McDonald v. Stiles*, 54 Pac. Rep. [Okla.], 487.

The present action of forcible detainer is a creation of the legislature, and did not exist at common law. As is well stated in *Harrow v. Baker*, 2 G. Greene [Ia.], 201, 203: "In England, proceedings of this kind are either by indictment, or by complaint before a justice of the peace, in the nature of a criminal prosecution. That, which by their law is made an offense punishable by fine and imprisonment, is by ours a civil action to obtain possession."

In *Murry v. Burris*, 6 Dak., 170, 175, Tripp, C. J., observed: "Statutes of forcible entry and detainer are of very ancient origin; they date far back into the fourteenth century; they succeeded the wager of battle; they were criminal in character, and were designed to prevent redress of private wrongs by means calculated to disturb the peace and good order of society, in the use of force and violence of a nature to inspire terror and incite personal conflict. These statutes were highly penal in character, and were enforced by indictment of the grand jury or by complaint before a magistrate, and terminated,

when unfavorable to the offender, in a fine to the king, and an ouster from the premises unlawfully entered, as a punishment for the offense, and not as a determination of any right of the parties. No title passed or was affected by these proceedings, which were generally summary in character and were prosecuted in the name of the sovereign. In modern times these statutes have undergone great changes; and while generally the summary character of these proceedings remains, yet so great has been the change wrought by legislation that modern statutes of forcible entry and detainer retain but little of their former force and character beyond the name they bear."

We are forced to the conclusion that the constitution conferred no original jurisdiction upon the district court to try and determine actions of forcible detainer, and that the jurisdiction of said courts as to such actions is by error proceedings alone. The fact that the plaintiff appeared in the district court and tried the cause without raising the question of jurisdiction is immaterial, since consent of parties can not confer upon a court jurisdiction of the subject-matter. The judgment of the district court from which this error proceeding has been prosecuted is *coram non judice.* Such being the case, the motion to affirm must be denied. The supersedeas is of no validity and hence need not be vacated, as it does not stand in the way of the enforcement of any rights of the plaintiffs.

The motion to dismiss the error proceeding for want of jurisdiction must also be denied. It is true where jurisdiction of the subject-matter is lacking an appellate court acquires none by appeal, for the obvious reason that an appeal removes to the appellate court the same cause. But the judgment of the district court is not here on appeal, but by error proceeding. A new action has been commenced in this court to review the judgment of the district court. The supreme court has original jurisdiction to hear and determine the same, notwithstanding the district court was without jurisdiction of the subject-

matter of the action in which it rendered the judgment in question. The motion is overruled.

MOTION DENIED.