ELIAS S. ETTENHEIMER V. WILLIAM WALLMAN.

FILED JANUARY 22, 1902.   No. 10,974.

1. Forcible Entry and Detainer: APPEAL. Prior to 1901 there was in
   this state no valid statute authorizing an appeal from the judg-
   ment of a justice of the peace in an action for the forcible entry
   and detention, or forcible detention only, of real property.

2. Derivative Jurisdiction: CONSENT. The jurisdiction of the district
   court in such actions, being derivative only, is not aided by con-
   sent of parties.

ERROR from the district court for Lancaster county.
Tried below before FROST, J.  *Reversed.*

*Lamb & Adams,* for plaintiff in error.

*Andrew E. Harvey, contra.*

SULLIVAN, C. J.

In an action of forcible entry and detainer brought by
Ettenheimer against Wallman before a justice of the peace
the plaintiff recovered judgment for restitution of the
premises described in the complaint. The defendant there-
upon filed with the justice, and had approved, an appeal
bond conforming to the requirements of section 1030 of
the Code of Civil Procedure as amended in 1883. After-
wards the case was docketed in the district court as an ap-
peal, and was treated by both parties as having been
brought there by a valid proceeding. The question in dis-
pute was again tried and the trial this time resulted in a
verdict and judgment in favor of the defendant. The de-
cision of the district court is erroneous, and must be re-
versed. There was, at the time the case was tried before
the justice of the peace, no law authorizing an appeal in
this class of cases. The statute which assumed to confer
the right of appeal was not constitutionally enacted, and
was therefore void. The jurisdiction of the district court
in actions of forcible entry and detention, or forcible deten-
tion only, of real property, being derivative and not orig-

inal, the second trial and judgment, notwithstanding the fact that the parties voluntarily appeared, were unauthorized and void. The case is controlled by *Armstrong v. Mayer,* 60 Nebr., 423.

The judgment is reversed and the action should, in my opinion, be dismissed.

HOLCOMB and SEDGWICK, JJ., concurring:

The district court had no jurisdiction of the appeal and the judgment of the justice of the peace is not affected thereby, and the judgment of the district court is reversed and the appeal from the judgment of the justice of the peace is dismissed.

REVERSED AND DISMISSED.