HENRY McVEY ET AL. V. ALEXANDER PEDDIE.

FILED JULY 3, 1903.   No. 12,449.

Appeal: UNDERTAKING: VOID STATUTE. The principal and sureties upon an undertaking in an appeal, prosecuted, under a void statute, to a court to which in fact no lawful appeal lies, are liable on the instrument, if the court without objection entertains the appeal, and upon a retrial of the issues renders a judgment adverse to the appellant.

ERROR to the district court for Antelope county: JAMES F. BOYD, DISTRICT JUDGE. Affirmed.

Elbridge D. Kilbourn, for plaintiffs in error.

Sidney D. Thornton, contra.

AMES, C.

On the 8th day of July, 1899, the defendant in error, Peddie, in a suit in justice's court against the plaintiff in error, McVey, for forcible detention, recovered a judgment

for the restitution of the demanded premises. For the purpose of prosecuting an appeal to the district court, McVey and the two other plaintiffs in error, Carrabine and Libbey, as sureties, executed an appeal undertaking, conditioned as provided by section 1030 of the code as it was attempted to be amended by the laws of 1883. The case was thereupon docketed, as upon appeal, in the district court, and, a jury being waived, proceeded to trial and a judgment for restitution. In this proceeding and judgment, all parties appear to have acquiesced, no objection having at any time been made to the jurisdiction of the district court. This is an action against the principal and sureties upon the appeal undertaking, upon which the defendant in error obtained a judgment in the district court. In *Armstrong v. Mayer,* 60 Neb. 423, this court held that the attempted amendment providing for an appeal in such cases, is unconstitutional and void, and the sole contention of the plaintiffs in error is that, because of that fact, the undertaking is void also, and that therefore no action can, or could have been, properly founded thereon. If the defendant in error had ignored the attempted appeal, and sued out a writ of restitution from the justice's court, as he might, doubtless, have lawfully done, or if by objection or motion he had attacked the jurisdiction of the district court, as it must also be presumed he could have successfully done, a subsequent action upon the undertaking would have raised an issue differing from that presented upon the record before us. It is not necessary to decide now what would have been the liability of the appellant or of his sureties, in such a case, or whether they would have been liable at all. In this case the appellant obtained, by his proceeding, all that he stipulated for in the instrument in suit. He had a trial upon the merits in the district court, where a judgment was rendered in which all parties acquiesced, and during the pendency of the proceeding he remained in possession and enjoyed the fruits of the demanded premises. The absence of jurisdiction in the district court did not affect him injuriously, and

whether the judgment which was there recovered was void or voidable, it was rendered at his instance, and he can not justly be permitted to attack it collaterally, in an action upon an undertaking by which he deliberately promised to respond in damages, if it should be adverse to his desires. The question was recently before this court in *Stevenson v. Morgan,* 67 Neb. 207, and was decided adversely to the plaintiffs in error.

The issues of law arising in the two cases are substantially identical, and the conclusion in the opinion cited appears to us to be supported both by reason and authority. Perhaps the leading authority upon the subject is that of *Daniels v. Tearney,* 102 U. S. 415, 26 L. ed. 187, in which the principles involved are sufficiently elucidated. We think that the considerations in view of which the obligation of the principal is upheld, apply with equal force to his sureties. They are not thus held beyond what is "nominated in the bond" nor called upon to respond for any consequence for which they did not expressly stipulate to respond in the instrument which they deliberately executed.

It is recommended that the judgment of the district court be affirmed.

Hastings and Oldham, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.