UNITED STATES FIDELITY AND GUARANTY COMPANY, OF BALTIMORE, MARYLAND, V. ELIAS S. ETTENHEIMER ET AL.*

FILED OCTOBER 21, 1903. No. 12,828.

Estoppel: APPEAL UNDERTAKING. Principles of estoppel are mutual and reciprocal. One who successfully attacks appellate proceedings,

* Rehearing allowed. See opinion, p. 147, *post.*

upon the ground that they are unauthorized by law and wholly void, is estopped afterwards to assert that they are in any respect valid. This rule applies to an appeal undertaking by which such proceedings were begun.

ERROR to the district court for Lancaster county: AL-BERT J. CORNISH, JUDGE. *Reversed.*

*Robert S. Mockett* and *Orpheus B. Polk*, for plaintiff in error.

*Walter J. Lamb, contra.*

AMES, C.

This case is an action upon an undertaking executed under a void statute, chapter 82, laws of 1883, for the purpose of effecting an appeal under that statute from the judgment of a justice of the peace in a suit for forcible detainer.

The supposed appeal was docketed and tried in the district court where the appellant was successful, but, upon proceedings in error in this court, the judgment of the district court was reversed and the appeal dismissed. *Ettenheimer v. Wallman*, 63 Neb. 647. This action resulted, in the district court, in a judgment in favor of the plaintiff and against the principal and sureties upon the undertaking. From the latter judgment this proceeding is prosecuted. The only question litigated is that of liability upon the undertaking. As a statutory obligation, it was confessedly void. Was there sufficient consideration to support it as a common law contract? It will be seen that the case differs from those of *Stevenson v. Morgan*, 67 Neb. 207, and *McVey v. Peddie*, 69 Neb. 525. In each of those cases, the proceeding upon the attempted appeal resulted, in the district court, in a trial and judgment adverse to the appellant, in which both parties acquiesced. In this case, a judgment of the district court in favor of the appellant, which nominally, at least, satisfied the condition of his undertaking, was attacked and set aside in this court as having been rendered without jurisdiction. In the cases

cited, the principal and sureties were held bound by the principles of equitable estoppel. The appellant, it was said, having by means of his undertaking acquired all that he stipulated for, namely, a trial and judgment in the district court and the possession and enjoyment of the premises in the mean time, was estopped to deny that the instrument was without consideration or was invalid for any other reason. But such was not the case here. The appellant did, it was true, retain the use of the demanded premises, and obtained a trial and judgment in the district court, but of the fruits of the latter, which were the principal consideration of the undertaking, he was deprived at the instance of his adversary. It is an elementary principle that mutuality is an essential element of an estoppel; that one party can not deny the existence of a fact or the validity of a transaction which he forbids another party thereto to dispute. We are not aware that there is any exception to this rule, and are of opinion that it governs the case at bar. The plaintiff participated, without objection, in the trial of the appeal in the district court and, by so doing, subjected the appellant to expense for attorney's fees and the procurement of witnesses and to a liability to a judgment for costs, the validity of which, according to the principles of the cases cited, the latter would not have been permitted to dispute because of lack of jurisdiction of the court rendering it. By so doing, we think that the plaintiff subjected himself to a like estoppel, from which he could escape only by relieving his adversary therefrom. When in this court he successfully assailed the proceedings upon appeal as being unauthorized by law and wholly void, he in turn subjected himself to an estoppel afterwards to assert that they were in any respect valid.

The conclusion thus reached in no way affects the question of the liability of the defendant in justice's court upon an implied contract for the value of the use and occupation of the premises during the time he unlawfully withheld them, but it does, we think, preclude a recovery upon the written instrument in suit.

It is recommended that the judgment of the district court be reversed and a new trial granted.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.

The following opinion on rehearing was filed May 5, 1904. *Judgment below affirmed:*

1. **Appeal Undertaking**: ESTOPPEL. One who executes a bond under circumstances that would estop him to assert its invalidity for want of consideration, can not, in an action upon the bond, avoid liablty on the ground that plaintiff is estopped to assert that there was any consideration for the bond. Estoppel against estoppel sets the matter at large.

2. ———: VALIDITY. A bond in pursuance of a statute afterwards held unconstitutional is not valid as a statutory bond, but may be valid as a common law contract, if supported by a consideration independent of the statute.

3. ———: ———. A bond, given in an attempted appeal in an action of forcible entry and detention, conditioned for the payment of rent, is valid as a contract, if the obligor has by reason of the bond retained possession of the premises, though the statute authorizing such appeal is afterwards held unconstitutional.

4. ———: EXECUTION. One of three persons who are appointed attorneys in fact by power of attorney may act for the principal, if the power of attorney contains no provision requiring more than one to join in the act.

SEDGWICK, J.

Ettenheimer recovered a judgment of restitution before a justice of the peace in a suit for forcible detainer. His opponent took an appeal to the district court, and gave the bond upon which this action is brought. The case was docketed in the district court as an appeal, and was treated by both parties as being properly before the court. It was again tried in the district court, and there was a verdict

and judgment in favor of defendant. The plaintiff then brought the action to this court. *Ettenheimer v. Wallman,* 63 Neb. 647. It was held that the district court had no jurisdiction of the appeal, and that the judgment of the justice of the peace was not affected thereby. The judgment of the district court was reversed, and the appeal from the judgment of the justice was dismissed. The plaintiff then brought this action upon the bond.

It was held upon the former hearing, *ante,* p. 144, that the plaintiff was estopped to prosecute the action, and the judgment of the district court in his favor was therefore reversed. The reason given for this holding was that one who successfully attacks appellate proceedings, upon the ground that they are not authorized by law and wholly void, is estopped afterwards to assert that they are in any respect valid.

If the proceedings in the district court were entirely void, because there was no law authorizing an appeal, as held in *Armstrong v. Mayer,* 60 Neb. 423, and *Ettenheimer v. Wallman, supra,* it is not apparent upon what theory it may be said that the plaintiff attacked the appellate proceedings. He might have treated the attempted appeal as absolutely nugatory. He might have compelled the issuing and execution of a writ of restitution on the judgment of the justice of the peace, notwithstanding the attempted appeal. This would have been a successful attack upon the appellate proceedings. But, instead of so doing, both parties appear to have treated the appeal as valid. It might with better reason be said that the plaintiff acknowledged the validity of the appeal.

It is insisted by plaintiff that the action of this court was upon its own motion, following the decision in *Armstrong v. Mayer, supra,* and that the plaintiff urged other grounds for the reversal of the judgment of the district court. But, whatever may be said of plaintiff's subsequent action in this court, it is certain that when the defendant asserted his right to appeal, and to give the bond now in suit and procure a stay of execution, and so retain posses-

sion of the premises, the plaintiff acquiesced in that action and treated the defendant's appeal as valid, at least, until the time of the trial in the district court. There can be no doubt that the defendants herein were at that time estopped to deny their liability upon the bond, under the holding of this court in *Stevenson v. Morgan,* 67 Neb. 207, and *McVey v. Peddie,* 69 Neb. 525.

In both of these cases, the actions were upon bonds identical with the one involved here. In the former, the court, after discussing the distinction between cases in which the contract involved must depend for its consideration solely upon the requirements of the statute and those cases in which the contract "rests upon a consideration of its own," said:

"The basis of distinction between these two lines of cases is the consideration. If it exists, the instrument may be enforced like any other contract and the annulment of, or departure from, a statute providing for it is not fatal. If, on the other hand, the consideration is absent, the instrument, like any other *nudum pactum,* affords no basis for recovery. In the case at bar the principal obligor on the bond was enabled by means of it to retain possession of the premises. At the time of the trial below, in February, 1901, he had occupied them for nearly three years following the execution of the bond. As one condition of the bond sought to be enforced was payment of rent, it will be seen that the obligor's promise was supported by a sufficient consideration, and this, without taking into account the fact that he also obtained *pro forma,* at least, a review of the justice's judgment in the district court. Indeed, it can not be doubted that if the instrument in controversy be denied the character of a bond at all and be treated simply as an agreement to pay rent in consideration of the occupancy of the premises, recovery must be allowed."

Many of the authorities are reviewed and applied, and we are entirely satisfied with the conclusion reached. It is approved and followed in *McVey v. Peddie, supra.* There

is no distinction between these two cases and the one at bar, except in the fact that in this case the proceedings afterwards taken in the district court were declared void. If the defendant obtained no other benefit of his attempted appeal, he, at least, was enabled to present the question to this court, and in the meantime retained the possession of the premises in dispute. The object of the undertaking was to protect the plaintiff against two sources of possible injury:

(1) He would be subjected to expenses in the district court, which would be unnecessary if the judgment already rendered should finally stand as the law of the case:

(2) He would, while the proceedings were pending, be deprived of the possession of the premises which had been awarded to him by the judgment of the justice. The condition of the undertaking was likewise twofold. To pay costs; and to pay rent. Each several liability was supported by a distinct consideration. He had the use of the premises for which, by his undertaking, he agreed to pay.

We do not see how the fact that neither party relied. upon an estoppel, in the pleadings in this case, operates in favor of the defendant. The plaintiff, in his petition, sets out the facts in regard to the institution of the action of forcible detainer, the trial and judgment in his favor in justice court, the giving of the bond and attempted appeal to the district court, the plaintiff's acquiescence in the same and the hearing thereon in the district court in pursuance of the attempted appeal. He also alleged that, afterwards, the supreme court dismissed the proceedings.

The answer of the defendant denied these allegations and set forth other matters in defense, without alleging an estoppel against the plaintiff. The reply was a general denial. Under these issues, the defendant could not, upon the trial, insist upon an estoppel against the plaintiff, without confessing the estoppel which first arose against himself.

"Estoppel against estoppel commonly sets the matter at large." Bigelow, Estoppel (5th ed.), 360. Mr. Bigelow

cites, among other authorities, *Branson v. Wirth,* 17 Wall. (U. S.) 32, 21 L. ed. 566, in which the court say:

"Even if it were otherwise, and if the government *could,* in any aspect of the case, claim the benefit of the legal estoppel, it would be prevented from doing so by its own patent granted to Egerton. That would present the case of estoppel against estoppel, which, Lord Coke says, setteth the matter at large. No one can set up an estoppel against his own grant. Whoever else, therefore, might set up the estoppel against Egerton's title to the lot in question, the government could not do so."

The defendant had the use of the premises from the time he gave the appeal bond. This use of the premises belonged to the plaintiff. The defendant gave the bond, among other things, for the purpose of obtaining this advantage, which he did obtain thereunder. He can not say that he had no right to stay the execution. If the conduct of Ettenheimer was such as to have estopped him against other parties, it can not have that effect in favor of these defendants, who are estopped to deny their liability. Being estopped to deny their liability, they are also estopped to urge anything that would have that effect.

The fact that the statute under which it was attempted to take the appeal was unconstitutional and void, does not change the rule. "The principles of estoppel apply where the proceedings are questioned on the ground of the unconstitutionality of the statute under which they are had, as well as where they are sought to be impeached upon other grounds." *Tone v. Columbus,* 39 Ohio St. 281, 308. *Daniels v. Tearney,* 102 U. S., 415, 26 L. ed. 187.

2. It is objected that the bond was not executed so as to bind the company. The name of the company is signed, "per A. W. Miller, Agt." A power of attorney was in evidence which appoints "R. S. Mockett and A. W. Miller and E. P. Hovey," attorneys in fact for the company, to execute bonds. It also contains the clause:

"It being the intention of this power of attorney to fully authorize and empower the said R. S. Mockett and A. W.

Miller or E. P. Hovey to sign the name of said company."

It is insisted that this power should be construed to authorize R. S. Mockett to act in connection with A. W. Miller, or in connection with E. P. Hovey, and does not authorize Mr. Miller to act alone for the company. We can not so construe it. There is no provision that the three agents, or any two of them, must act together. The bond appears to be duly executed.

The former judgment of this court is vacated, and the judgment of the district court.

AFFIRMED.