## HAMPSHIRE ARMS HOTEL COMPANY v. ST. PAUL MERCURY & INDEMNITY COMPANY. P. A. WELLS, INTERVENER.[1]

April 16, 1943.

No. 33,404.

See 210 Minn. 286, 298 N. W. 452.

*Best, Flanagan & Rogers* and *Leonard W. Simonet,* for appellant.

*L. B. Schwartz* and *Gillette & Meagher,* for defendant- and intervener-respondents.

PETERSON, JUSTICE.

Plaintiff, as the obligee, sues on the supersedeas bond executed by the intervener, Wells, as principal, and the defendant, as surety, in Hampshire Arms Hotel Co. v. Wells, 210 Minn. 286, 298 N. W.

[1]Reported in 9 N. W. (2d) 413.

452, to recover its costs on the appeal and the amount of rent accruing between the taking and the dismissal of the appeal.

On September 27, 1940, plaintiff recovered a verdict against Wells in an unlawful detainer action, entitling it to judgment for the restitution of the premises involved. Although no judgment had been entered, Wells served notice of appeal from the judgment. Wells then caused judgment to be entered. Plaintiff promptly moved to dismiss the appeal as prematurely taken. Wells then procured an order amending and changing the date of the entry of judgment *nunc pro tunc* as of the day prior to that on which the appeal was taken. We granted plaintiff's motion to dismiss the appeal as prematurely taken. We also held that the order amending and changing the date of the judgment *nunc pro tunc* was a nullity.

The bond, which does not recite any consideration, is conditioned as follows:

"The condition of this obligation is such that, whereas, the said P. A. Wells appeals to the Supreme Court of the State of Minnesota, from the judgment of the Municipal Court of Minneapolis in a suit for forcible detainer by plaintiff v. defendant in which a judgment of guilty was rendered by said court and for a writ of restitution for the premises described in the complaint.

"Now, Therefore, If defendant, P. A. Wells, pay all costs of such appeal and abide the order the court may make therein and pay all rents and other damages justly accruing to the party excluded from possession during the pendency of the appeal, then this obligation shall be void, otherwise of force."

Defendant admitted liability for plaintiff's costs and disbursements on the attempted appeal, but not the rent accrued. It contends that the bond and all the proceedings on the attempted appeal were null and void. Plaintiff seeks to avoid the rule thus invoked by defendant by claiming that by the recitals in the bond that there was a judgment from which the appeal was taken defendant is estopped to assert the contrary. In reply defendant

contends that, by procuring a prompt dismissal of the appeal, a necessary incident of which was an adjudication by this court that the appeal was in effect a nullity, plaintiff is estopped to assert the claimed estoppel. The court below sustained defendant's contention.

Apparently the bond was given under Minn. St. 1941, § 605.11 (Mason St. 1927, § 9500), which provides that when an appeal is taken from an *order,* the filing of a supersedeas bond, in a sum approved by the judge making the order, shall stay all proceedings thereon. The judge before whom the unlawful detainer case was tried approved the amount of the bond, but did not order a stay.

The bond was given to create a statutory obligation. Where an appeal is unauthorized, a bond given for the sole purpose of taking such an appeal is void as a statutory obligation. Galloway v. Yates, 10 Minn. 53 (75); United States v. Morris' Heirs (Cir. Ct. E. D. La.) 153 F. 240; Brounty v. Daniels, 23 Neb. 162, 36 N. W. 463; 5 C. J. S., Appeal and Error, p. 1579, § 2035. In Hessey v. Heitkamp, 9 Mo. App. 36, 38, the court said: "The recognizance is void for every purpose, and of no obligatory force whatever upon the sureties, when the appeal is not properly taken."

An appeal bond insufficient or unenforceable as a statutory obligation may be valid as a voluntary, or so-called common-law, obligation. First State Bank v. C. E. Stevens Land Co. 119 Minn. 209, 137 N. W. 1101, 43 L.R.A.(N.S.) 1040, Ann. Cas. 1914A, 1146.

An appeal bond invalid for noncompliance with statute is unenforceable as a voluntary obligation if it lacks consideration. United States v. Morris' Heirs, *supra;* Post v. Doremus, 60 N. Y. 371; Ham v. Greve, 41 Ind. 531. Where the consideration claimed is that there was an appeal from a judgment which had no existence, there is no consideration for the bond, because there could be no appeal. Brounty v. Daniels, and Post v. Doremus, *supra.* Since the bond in the instant case does not recite any consideration, it is insufficient to create liability.

Where, however, the appellate court takes jurisdiction and hears an unauthorized appeal, the obligors on the appeal bond receive a benefit, which is consideration for the bond. In such a case the grounds of the appellate court's decision, whether it be on the merits or otherwise, makes no difference. National Surety Co. v. United States (9 Cir.) 29 F. (2d) 92; U. S. F. & G. Co. v. Ettenheimer, 70 Neb. 144, 97 N. W. 227, 113 A. S. R. 783. In the instant case there was no consideration, because, by reason of the dismissal of the attempted appeal upon plaintiff's motion, the obligors did not have the benefit of the attempted appeal. Plaintiff neither acquiesced in the attempted appeal nor to a stay, because of the bond. On the contrary, it moved promptly to terminate the proceedings by procuring the dismissal. The benefit of a stay in fact was not obtained by giving the bond. A supersedeas bond given under a void appeal does not operate to stay proceedings. Estate of Kennedy, 129 Cal. 384, 62 P. 64.

Further, plaintiff contends that defendant is estopped to deny the existence of the judgment from which the appeal was attempted to be taken and that, consequently, it is precluded from showing facts inconsistent with liability on its part. The general rule is that the obligors in an appeal bond are estopped to contradict a recital therein of the existence of the judgment appealed from. Herrick v. Swartwout, 72 Ill. 340; Healy v. Newton, 96 Mich. 228, 55 N. W. 666. See First Nat. Bank v. Rogers, 13 Minn. 376 (407), 97 Am. D. 239. The dismissal of the appeal was in effect an adjudication that the appeal, and consequently the bond, was void. The adjudication operates to estop plaintiff from asserting that the bond was valid or that the attempted appeal was a consideration for it. In Zimmer v. Massie, 117 Mo. App. 344, 348, 93 S. W. 859, 860, the court said:

"We believe, however, that inconsistency lies at the door of the plaintiff. He caused the appeal to be dismissed for the reason that the appeal was not taken in time, but is now insisting that it was taken in time and that the bond is valid. He is estopped by

his own conduct and by every consideration of justice and good morals." *Cf.* Commonwealth to use v. Krause, 23 Pa. Co. 511.

In such a situation there is an estoppel against an estoppel which, in Coke's oft-quoted language, sets the matter at large. The one estoppel neutralizes the other. Tappan v. Huntington, 97 Minn. 31, 106 N. W. 98.

Of course Wells is liable independently of his bond for any damage caused plaintiff by the attempted appeal, as the trial court held; but he and the surety are not liable as obligors under the bond in question.

The order should be affirmed.

Affirmed.

THOMAS GALLAGHER, JUSTICE (dissenting).

I am of the opinion that defendant surety company is bound by the recitals in the bond and estopped to deny the existence of the facts alleged therein. The bond stayed proceedings and prevented plaintiff from collecting rentals on its property at least until the appeal was dismissed. Plaintiff acted promptly to procure dismissal of this appeal and proceeded in accordance with court rules and statutory regulations. I cannot agree that such conduct would create an estoppel barring plaintiff's recovery on the bond.