BROUGHAM STEVENSON ET AL. V. FRANCIS C. MORGAN ET AL

FILED JANUARY 21, 1903.    No. 12,576.

Commissioner's opinion, Department No. 1.

1. **Bond:** STATUTE UNDER WHICH IT IS DRAWN DECLARED UNCONSTITUTIONAL: EFFECT. A bond executed in pursuance of a statute, is not necessarily rendered void because the statute is afterward pronounced unconstitutional.

2. ———: ———: ———: CONSIDERATION: ESSENTIALS OF COMMON-LAW CONTRACT: TEST OF ENFORCEABILITY. The test of the enforceability of such a bond, is whether a consideration exists independent of the statute; if so, and the bond has the other essentials of a common-law contract, it may be enforced.

3. ———: ———: ———: ———: ———: ———: FORCIBLE ENTRY AND DETAINER: RETAINING POSSESSION OF PREMISES. Recovery is permissible on a bond given in an appeal from a justice of the peace in a forcible entry and detention proceeding, though

Syllabus by court; catch-words by editor.

the statute authorizing such bond is afterward declared unconstitutional, provided the obligor has been thereby enabled to retain possession of the premises.

ERROR from the district court for Douglas county. Action upon statutory bond given in an appeal from a judgment in forcible entry and detainer. The law was declared unconstitutional in *Armstrong v. Mayer,* 60 Nebr., 423. The question here involved was, could a recovery be had upon a statutory bond where the statute was unconstitutional? Tried below before KEYSOR, J. Judgment for plaintiffs. *Affirmed.*

*Weaver & Giller* and *Kennedy & Learned,* for plaintiffs in error.

*George W. Doane, contra.*

LOBINGIER, C.

This is an action on a bond given by plaintiffs in error in order to perfect an appeal to the district court in a forcible entry and detention proceeding. More than two years after the execution of the bond this court, in *Armstrong v. Mayer,* 60 Nebr., 423, declared unconstitutional the statute which provided for such appeals and for bonds in pursuance thereof. But the appellant in that proceeding had retained possession up to the time when this action was brought, and judgment having been rendered against him and his surety thereon, the cause is brought here by petition in error; the sole contention being that by reason of this annulment of the statute the bond affords no cause of action.

The diligence of counsel has materially lightened the labors of the court in determining this question, and the ably prepared briefs contain most of the authorities which relate to it. We were at first of the opinion that there was some conflict among these, but a comparison of the cases convinces us that they may be harmonized and that the question before us does not involve serious difficulty.

We are cited to *Brookman v. Hamill,* 43 N. Y., 554, and *Poole v. Kermit,* 59 N. Y., 554, in support of the contention that a bond given in pursuance of a statute afterward pronounced unconstitutional, is invalid.  In these cases each bond was given to procure the release of a vessel from an attachment for wharfage claims.  It will be seen that there could have been no consideration for the making of such an instrument unless the statute providing for it was valid, since the benefit obtained, viz., the release of the vessel, was one which the obligor was entitled to in any event, except as the statute authorized detention.  In neither of these cases does the court overrule or question its earlier decision in *Van Hook v. Whitlock,*[*] 26 Wend. [N. Y.], 43, where it held that though a statute providing for a corporate assignment for the benefit of creditors was unconstitutional and void as to creditors generally, still those who had accepted benefits in the form of dividends under the statute were estopped from taking advantage of its invalidity.  Nor in the cases first cited is it intimated that the bonds in question might not have been sustained as common-law contracts had there been a sufficient consideration; for this principle is as well established in New York as elsewhere.  *Toles v. Adee,* 84 N. Y., 222; *Ryan v. Webb,* 39 Hun [N. Y.], 435; *Goodwin v. Bunzl,* 6 Civ. Pr. Rep. [N. Y.], 226.  We can not, therefore, interpret the cases relied on as holding that any statutory bond becomes invalidated when the statute is annulled.  These must be understood as applicable only to such bonds as were there in controversy, which were dependent for a consideration entirely upon the validity of the statute.

Plaintiffs in error also rely on *Byers v. State,* 20 Ind., 47, where recovery was denied on a bond given in the course of bastardy proceedings in order to prevent defendant's incarceration.  The court held that the sections of the statute which required such a bond were unconstitutional, and said (p. 49) : "Such a bond is without a valid consideration, and that fact is a bar to an action upon

[*] 37 Am. Dec., 246.

20

it." It will be seen that here also the annulment of the statute left the instrument sued on without any legal basis of recovery. The fact that by executing it the defendant was enabled to retain his liberty afforded him no privileges which he was not all the time entitled to, since, as it developed, there was never any authority for his imprisonment. But in the earlier case of *Spader v. Frost*, 4 Blackf. [Ind.], 190, a bond which procured the release of one lawfully imprisoned was held good as a common-law obligation, though the court recognized that it might have been insufficient under the statute. A similar doctrine is announced in other Indiana cases and is not disapproved, but on the contrary is expressly recognized in the case cited by defendant in error. *State v. Lynch*, 6 Blackf. [Ind.], 395; *Marshall v. State*, 8 Blackf. [Ind.], 162; *Thompson v. Wilson*, 1 Blackf. [Ind.], 358. Moreover, a distinction is drawn between "bonds which may be enforced as common-law obligations between individuals" and "bonds executed to the state for the appearance of persons charged with criminal offenses." *State v. Fraser*, 165 Mo., 242, 261; *Dickenson v. State*, 20 Nebr., 72. In the latter case, Cobb, J., makes a distinction between bonds like that involved in *Byers v. State*, 20 Ind., 47, and "appeal and forthcoming bonds," which include the one in controversy.

The cases from New York and Indiana are the only ones to which we are cited where bonds were held void after statutes authorizing them had been declared unconstitutional. We may now refer to some instances where recovery has been allowed on such bonds. In *Daniels v. Tearney*,* 102 U. S., 415, the action was on a bond authorized under the Virginia secession ordinance, which provided that by giving a bond a debtor might prevent the enforcement of execution against him. The court in the case cited pronounced the statute void, but held that inasmuch as the obligor had enjoyed its benefits by obtaining a stay of execution he was estopped to question its validity. The

*26 L. Ed., 187.

language used is peculiarly applicable here: "It is well settled as a general proposition, subject to certain exceptions not necessary to be here noted, that where a party has availed himself for his benefit of an unconstitutional law, he can not, in a subsequent litigation with others not in that position, aver its unconstitutionality as a defense, although such unconstitutionality may have been pronounced by a competent judicial tribunal in another suit.    In such cases the principle of estoppel applies with full force and conclusive effect." P. 421.    In *Ferguson v. Landram,** 1 Bush [Ky.], 548, 5 Bush [Ky.], 230, it was held that a statute authorizing the issuance of certain bonds was unconstitutional but that those who had participated in procuring its passage and accepted benefits therefrom were estopped to deny its validity.    See, to the same effect, *Van Hook v. Whitlock,†* 26 Wend. [N. Y.], 43, already cited.

These cases are sufficient, we think, to illustrate the distinction between a bond which depends for its consideration solely upon the requirements of the statute, as in the cases cited by plaintiffs in error, and one which rests upon a consideration of its own.    In the latter, the benefits already enjoyed by the obligor are not taken away by the annulment of the statute, and, in the language of POUND, C., in *State v. Paxton,* 65 Nebr., 110, 123, it "may nevertheless be upheld as a common-law contract, if otherwise unobjectionable."    See, also, 5 Cyclopædia of Law and Procedure, 748, note 13; 8 Century Digest, sec. 40.    This distinction is recognized in *Brownty v. Daniels,* 23 Nebr., 162, which was an action on a bond given in a supposed appeal from the county court in a case where no judgment had actually been rendered.    It was held, in effect, that there was no consideration for the bond because no execution could have been issued.    But the court also recognizes and reaffirms the earlier cases of *Gudtner v. Kilpatrick,* 14 Nebr., 347, and *Adams v. Thompson,* 18 Nebr., 541, which hold, in substance, that after the benefits of such a bond

* 96 Am. Dec., 350.

† 37 Am. Dec., 246.

have been accepted and enjoyed, the obligor is estopped to question its recitals that an appeal has been perfected. To these have since been added *Dunterman v. Storey*, 40 Nebr., 447; *Flannagan v. Cleveland*, 44 Nebr., 58. See, also, *Thompson v. Rush*, 66 Nebr., 758. The basis of distinction between these two lines of cases is the consideration. If it exists, the instrument may be enforced like any other contract and the annulment of, or departure from, a statute providing for it is not fatal. If, on the other hand, the consideration is absent, the instrument, like any other *nudum pactum*, affords no basis for recovery.

In the case at bar the principal obligor on the bond was enabled by means of it to retain possession of the premises. At the time of the trial below, in February, 1901, he had occupied them for nearly three years following the execution of the bond. As one condition of the bond sought to be enforced was payment of rent, it will be seen that the obligor's promise was supported by a sufficient consideration, and this, without taking into account the fact that he also obtained *pro forma*, at least, a review of the justice's judgment in the district court. Indeed, it can not be doubted that if the instrument in controversy be denied the character of a bond at all and be treated simply as an agreement to pay rent in consideration of the occupancy of the premises, recovery must be allowed. We can reach no other conclusion than that the case at bar belongs to the class, above reviewed, where the bond rests upon a consideration of its own and where the unconstitutionality of the statute can not affect the right of recovery.

We are cited to *Steele v. Crider*, 61 Fed. Rep., 484, but so far as this holds that a bond given to perfect an appeal where none can be taken is invalid, it conflicts with *Gudtner v. Kilpatrick*, 14 Nebr., 347, and *Love v. Rockwell*, 1 Wis., 331. The same may be said of *Jabine v. Oates*, 115 Fed. Rep., 861. We are also cited to *Caffrey v. Dudgeon*, 38 Ind., 512, and *State v. Winninger*, 81 Ind., 51, holding that bonds taken by a justice of the peace in cases beyond

his jurisdiction are void. The distinction between these cases and the one at bar is obvious. There the taking of the bond was, in effect, prohibited; for the justice was forbidden to act in matters beyond his jurisdiction. In this case the annulment of the statute merely leaves the bond without a statutory authority and does not make its execution illegal or leave it in any worse plight than if the statute had never been enacted. We therefore recommend that the judgment be affirmed.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.