CHARLES ELLIOTT, RECEIVER FOURTH NATIONAL BANK OF FAYETTE-VILLE, v. JOHN L. SMITH.

(Filed 4 April, 1917.)

1. **Principal and Surety—Banks and Banking—Agreement with Surety—Consideration—Principal and Agent—Evidence.**

Where there is evidence tending to show that the cashier of a bank discounted a note signed by a surety, and received, at the time, a mortgage given by the maker to the surety to indemnify him, under promise by the cashier who attached the papers together to have the mortgage registered, but did not do so for several years, when, fearing the insolvency of the parties, he had the mortgage recorded, but not until other mortgages had been registered to the full value of the property: *Held,* sufficient to show that the cashier was acting for the bank, and not personally for himself, the consideration being the additional security for the note; and to sustain a verdict in behalf of the surety, the defendant in the action. The charge in this case is approved.

## 2. Appeal and Error—Exclusion of Evidence—Harmless Error.

Evidence excluded at the trial which could not appreciably have affected the verdict rendered will not be held as reversible error on appeal.

CIVIL ACTION, tried before *Connor, J.,* at February Term, 1917, of CUMBERLAND.

This is an action commenced before the recorder's court of Cumberland County in the name of S. D. Scudder, receiver of the Fourth National Bank of Fayetteville, N. C., against John L. Smith. Judgment was rendered in the recorder's court in favor of the defendant, and the plaintiff appealed to the Supreme Court. S. D. Scudder having resigned as receiver, and Charles Elliott having been duly appointed his successor, he was substituted in the Superior Court as party plaintiff, and the action was tried at February Term, 1917, of Cumberland Superior Court.

The defendant admitted the execution of the note sued on, amounting to $300, upon which there was a credit of $25, the note being dated 7 January, 1913, payable to the Fourth National Bank, and signed O. Wadkins, which note was endorsed by defendant Smith.

It appeared from the evidence that Wadkins applied to the bank through A. W. Peace, cashier and vice president of the bank, for a loan of $300 some time prior to 7 January, 1913, offering as security certain real estate. Peace refused to loan the money on this security, and later Wadkins came into the bank with Smith, on 7 January, 1913, and the bank, through Peace, as cashier and active vice president, loaned the money on a note payable to the bank, indorsed by Smith. At the time this transaction was had with the bank, Smith delivered to the bank a note of $300, payable to Smith, and a mortgage securing same, dated 7 January, 1913, the mortgage being also made to Smith. Smith testified that he took this mortgage as security for his endorsement, as he wanted some protection. That the mortgage was at that time a first mortgage on the property, worth at least $2,000; that he delivered same to Peace and asked him to have it recorded, and that he (Peace) said he would. The note and mortgage remained in the possession of the bank from 7 January, 1913, up to the time of the receivership in February, 1916. It was not registered by the bank until 14 Sepember, 1914, prior to which time two other mortgages were registered on the same land, and the mortgage to one W. F. Smith & Co. was registered in May, 1913, and the property foreclosed thereunder and sold to one Breece at the price of $1,000.

A. W. Peace testified that he had no understanding or agreement of any kind with Smith about recording the paper; that no registration

fees were paid to him to have the same recorded, and that he simply held the note and mortgage payable to Smith at Smith's request.

His Honor held that if the jury should find that Peace, acting as an officer of the bank, agreed to have the mortgage recorded, and, relying on this promise, Smith delivered the unregistered mortgage to him, and took no further steps toward having it recorded, on account of Peace's promise, then it was the duty of the bank to have it properly recorded within a reasonable time, and if it failed so to do, they should answer the issue in favor of the defendant. Plaintiff excepted.

There was a verdict and judgment for the defendant, and the plaintiff appealed.

*Rose & Rose for plaintiff.*
*Sinclair, Dye & Ray for defendant.*

ALLEN, J. It is not denied that the value of the mortgage deposited by the defendant Smith with the cashier of the bank was destroyed as a security and indemnity on account of the failure to register it until after two other mortgages, subsequent in date, were registered; but the plaintiff contends that there is no evidence of an agreement to register; that if there is such evidence it was an agreement made by the cashier personally, which would not be binding on the bank; and was merely left with the cashier to hold for Smith.

We cannot determine the fact, and the only legal question presented by these contentions is whether there is evidence to support findings in favor of the defendant that there was an agreement to register the mortgage; that the agreement was made for the bank, and that the mortgage was deposited with the cashier for the bank.

On the first point, as to the agreement, the defendant testified: "I turned both note and mortgage over to Mr. Peace, and told him to have the mortgage recorded. He said he would. Mr. Peace was then cashier of the bank."

On the other questions all the evidence for the plaintiff and the defendant shows that the cashier was acting for the bank at the time the agreement was made, if made at all, and that the parties understood that the mortgage was deposited with the bank.

Mr. Peace, witness for the plaintiff, testified that he was cashier and active vice president of the Fourth National Bank of Fayetteville, N. C., in January, 1913, and that he handled the transaction with Mr. Smith and Mr. Wadkins. He never saw the land described in the mortgage. Wadkins wanted to borrow $300, offering as security a mortgage on real estate. He declined this, and Wadkins later came

in with John L. Smith, and the witness filled out the note payable to the bank; Wadkins signed it and Smith indorsed it. "I accepted the note for the bank, and Smith and Wadkins had mortgage executed by Wadkins and wife to Smith with them at the time, and these papers were attached to the note given the bank. I made no agreement with Smith to have the mortgage registered, and no registration fees were paid for this purpose. I had the mortgage registered and the bank paid the fees. Wadkins had left this community, and I was informed that his affairs were in bad shape. My recollection is that Mr. Smith was also in trouble at the time, and not knowing the outcome of those troubles, I got out the mortgage and had same recorded. From 7 January, 1913, up to the appointment of the receiver, the bank had possession of the note and mortgage. The writing in the face of the note payable to the bank is in my handwriting."

If "he handled the transaction with Mr. Smith and Mr. Wadkins"; if the note and mortgage executed by Wadkins to Smith were attached to the note payable to the bank; if all the papers were handed to the cashier, and were thereafter in the possession of the bank and the bank paid the fees for registration, as the cashier testified, there is evidence that the agreement to register was made for the bank, and that the papers were deposited with the bank.

The consideration for the promise was the additional security for the loan.

His Honor submitted the question to the jury in a charge free from objection, telling them, among other things:

"Upon the admitted facts in this case, the court charges you that if you find from the evidence, and by its greater weight, that at the time Smith indorsed the note upon which this action is brought he called Mr. Peace's attention to the fact that the mortgage was not recorded, and requested him to have same recorded; that Peace was acting in the matter as an officer of the bank; that Peace thereupon agreed to have the mortgage recorded, and that, relying upon this promise by Peace, the defendant delivered the mortgage, unrecorded, to the bank, and took no further steps toward having the same recorded on account of Peace's promise to have this done, then it was the duty of the bank to have the mortgage recorded within a reasonable time thereafter: and it being admitted that the bank did not have the mortgage recorded until September, 1914, there was a failure of the bank to perform its duty in this regard, and you will answer the first issue "Yes."

There is also an exception by the plaintiff to the exclusion of evidence that it was the custom of the bank to collect registration fees and to note the collection on the papers.

We recognize the principle that under certain conditions evidence of custom is competent in corroboration of a witness, but in this case, as counsel for the plaintiff practically conceded, it would have no appreciable effect on the verdict, and the plaintiff had the benefit in the charge of the circumstance that no fees were paid as tending to corroborate the evidence of the cashier that no agreement was made, and there was no proof as to whether a notation was made on the paper or not.

The case has been tried under proper instructions, and in our opinion there is evidence to support the verdict, and no reversible error.

No error.