# CHARLESTON.

## LOVE v. McCOY *et al.*

### Submitted January 9, 1918.  Decided January 15, 1918.

1. BONDS—*Unconstitutionality of Statute—Effect.*

    A bond executed according to the requirements of a statute afterwards declared unconstitutional is not necessarily void. The test of the enforcibility of such an instrument, if it has the essentials of a common law obligation, is whether it is based upon a consideration independent of the statute, or some profit or advantage has accrued to the obligors from its execution which otherwise they would not have received. (p. 479).

2. SAME.

    But where there was no such consideration, and no such profit or advantage has accrued, the obligation, though in proper form, will not support an action to recover for a breach of its conditions. (p. 479).

Case Certified from Circuit Court, Cabell County.

Action of H. L. McCoy and others against H. E. Love. Demurrer and special plea filed, and questions certified by the Circuit Court.

*Circuit court affirmed.  Case remanded.*

*George J. McComas,* for plaintiff.

*Strickling & Strickling* and *J. W. Perry,* for defendant.

LYNCH, JUDGE:

As a candidate for the office of sheriff of Cabell county in

the general election held November 7, 1916, for the term be-
ginning January 1, 1917, H. E. Love, on the face of the re-
turns as canvassed by the proper body, was declared elected
and entered upon the discharge of his official duties.   H. L.
McCoy and others, voters and taxpayers of the county, filed
their petition in the manner and for the purposes apparently
authorized by §8b (15), ch. 5, Code 1916, charging that by
corrupt practices in violation of the provision of th'at act
Love so far influenced the result of the election as to secure
title to the office; and entered into the bond upon the condi-
tions required by that section.   After the decision of this
court in *Sutherland* v. *Miller,* 79 W. Va. 796, 91 S. E. 993,
holding the section invalid as an unlawful delegation of legis-
lative power and for other reasons stated in the opinion, Mc-
Coy and others voluntarily dismissed the petition; and this
action on the bond ensued to recover the costs and expenses
incurred by Love in his defense against the assault so made
upon his title to the office he was elected to administer.

Two questions are certified to this court, pursuant to the
provisions of the last paragraph of §1, ch. 135, Code—the
sufficiency of the declaration challenged by demurrer, and of
a special plea tendered by defendants and filed by the court
over the protest and objection of the plaintiff.   As the de-
murrer and objection, in effect raise the same issue, the de-
termination of either one will dispose of the case finally here
as now presented.

There is no necessity for reviewing or restating and apply-
ing the principles enunciated in *Sutherland* v. *Miller,* as no
question is raised as to them.    On the contrary, they are
recognized as controlling upon the questions presented by
the petition charging corrupt practices.   The controversy re-
quires the determination of a single inquiry, namely, whether
a bond voluntarily executed, in conformity with the require-
ment of a statute subsequently adjudged to be invalid as
in contravention of the fundamental or organic law, can
serve as the basis of an action to recover damages for the
breach of the obligation.    As a further limitation upon the
scope and extent of the inquiry, it may be said that its solu-
tion depends not wholly upon the constitutional incompetency

of the act; for, though it thereafter be declared void, the discharge of the obligors from liability does not necessarily follow as a matter of course. While the failure of an act to stand the test of constitutionality does frequently render invalid a bond given pursuant to its requirements, and relieve the obligors from the liability it would impose if the statute were not void, yet if there be some consideration underlying it independent of the statute, or there accrues to them some benefit, advantage or profit by its execution, they will be required to respond to the undertaking expressed in the instrument. It is not the policy of the law to permit escape from the legal consequences of the execution of such an instrument, if some one or more of the persons who bind themselves to perform its conditions receive and enjoy its fruits or the protection it affords, or derive some material or financial benefit from it. They will not, in either such event, when summoned to account for a breach of the conditions, be permitted to plead the voidness of the statute necessitating the execution of the undertaking.

The decisions cited on behalf of plaintiff recognize this distinction. For in *Daniels* v. *Tearney,* 102 U. S. 415, it was held that the obligors in a bond given under an unconstitutional law of the Confederate Government, which authorized an execution debtor to give such bond to suspend the sale of property until the operation of the law ceased, were estopped from asserting the unconstitutionality of the law. They availed themselves of its benefits and must not be permitted to escape its responsibilities. The benefits which in that case effected an estoppel resulted from the deferred enforcement of the judgment, in consequence of the bond sanctioned by an act declared to be void because violative of the constitutional provision against the impairment of contracts.

The same qualification appears in *Railroad Co.* v. *Vanderwarker,* 19 W. Va. 265, a proceeding upon a motion to quash an execution upon a decree against the railroad, where the contention was that, as the bond to supersede the decree pending an appeal was executed only in the name of the appellant's attorney, without surety and without the consent

of the company, the instrument did not operate as a supersedeas, wherefore the appellees could have sued out execution on the decree at any time within the period fixed by statute, and, having failed to do so, the decree was barred. This court answered that proposition by saying: "If a party has enjoyed the benefit of a supersedeas bond, though it was executed by his attorney alone, when the law required it to be executed with security, in a proceeding to enforce the debt after the appeal had been dismissed, he is estopped from alleging that the supersedeas bond was invalid".

Most of the cases cited by counsel and examined upon this investigation point out this demarcation between liability and exemption, where the bonds were given under the authority of void legislative enactments, and none of them more clearly and logically than *Stevenson* v. *Morgan,* 67 Neb. 207. It matters not that some of these cases declined to relieve the obligors from liability, because, as found therein, they had derived some substantial benefit, advantage or protection from the instruments. In *Stevenson* v. *Morgan,* the principal obligor had continued temporarily in the possession and enjoyment of the premises from which plaintiff sought to oust him. While emphasizing the qualification of the rule of liability, other cases deny the right to a recovery upon bonds where no such emoluments or benefits accrued. 9 C. J. 28; 4 R. C. L. 55.

It is this point of divergence between the two classes of authority which should be kept constantly in mind in determining the results of the conflicting contentions of the parties to this controversy. For if none of the defendants has received any substantial aid, profit or advantage by or through the instrument it can not serve as the foundation of an action to recover the penalty. Wherein such beneficial results enured to them is not pointed out by counsel, and none is perceived. McCoy and his co-obligors have not profited by the obligation they assumed. It did not in the least improve their condition or situation. The proceeding instigated by them proved wholly abortive; and, when the act whose provisions they invoked broke down, the bond fell

with it. The law will inject into it substance and entity, so as to charge the obligors, only where some consideration independent of the statute entered into the purposes for which it was executed, or they have reaped some advantage from it for which they should be compelled to respond to the obligee.

There is no real merit in the objection urged against the right claimed by defendants to rely upon legislative incompetency to enact the section under which the petition was filed and the bond executed. This question, so far as anything appears to the contrary, may have been raised by the demurrer to the declaration—a method of procedure approved in *Hoxie* v. *Railroad Co.*, 82 Conn. 352, and *Adkins* v. *Richmond*, 98 Va. 91, whether the obnoxious character of the act is pointed out specifically or not. Besides, the recitals of the bond itself and the averments of the special plea bring the case within the scope and purview of the act. *Turpin* v. *Lemon*, 187 U. S. 51; *Food Co.* v. *Wright*, 225 U. S. 540. Furthermore, it is evident the proceeding upon the petition terminated upon the theory that the act is void, a theory to which counsel address their arguments.

As the circuit court did not err in permitting the special plea to be filed, we approve its action, and remand the case.

*Circuit court affirmed.    Case remanded.*