OF THE

## STATE OF NEW JERSEY

JUNE TERM, 1919.

---

HENRY KOCH, TRADING AS H. KOCH & COMPANY, RE-
SPONDENT, v. STEFANO COSTELLO AND DOMENICO
BOTTI, APPELLANTS.

Argued June 25, 1919—Decided November 17, 1919.

1. In moving for a nonsuit counsel should state specifically the
   grounds upon which the motion is rested; but the arguments
   thereon should not be taken down by the stenographer, and should
   not be returned with the record or printed.
2. That this court in reviewing judgments of courts of law has no
   power to pass upon the weight of evidence has long been defini-
   tively settled; and all judgments under review are to be sus-
   tained, so far as factual questions are concerned, if there be any
   competent evidence to support them.
3. The number of times an insolvent debtor may apply for his dis-
   charge under the act for relief of persons imprisoned on civil
   process, commonly called the Insolvent Debtors' act, is unre-
   stricted.
4. When a bond given in pursuance of a statute is not in accordance
   therewith, but is not the product of coercion or duress, is not
   prohibited by statute nor contrary to public policy, is founded
   upon good and sufficient consideration and intended to subserve
   a good and lawful purpose, it is good as a voluntary bond; and
   recovery had thereon, if supported by competent evidence, will
   be upheld.

367

5. Merely appearing in the Common Pleas Court, in compliance with the condition of a bond under the Insolvent Debtors' act, and doing nothing more, is not a compliance with the condition to appear; the debtor is required to do more; he must appear for a purpose, and is required, by himself or counsel, to crave audience of the court and announce the purpose of his presence, and he must also, in all things required of him, comply with the conditions of the insolvent laws.

6. Although the Insolvent Debtors' act leaves unrestricted the number of times a debtor imprisoned on civil process may apply for his discharge, does this give him the right to so apply on the identical set of facts adjudged against him on a last prior application; and would not the doctrine of *res adjudicata* operate to defeat such last identical application: *Quære.*

On appeal from the Supreme Court.

For the appellants, *Isadore Klenert.*

For the respondent, *William Greenfield.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This is an appeal from a judgment recovered by the plaintiff in the New Jersey Supreme Court, Essex circuit, in an action instituted against the defendants to recover on a certain bond given by them, Stefano Costello, as principal, and Domenico Botti, as surety, for the use and benefit of the plaintiff, in insolvency proceedings then pending in the Passaic County Court of Common Pleas. Judgment was directed by the court in favor of the plaintiff and against the defendants, and they have appealed to this court.

The bond was given in the following circumstances: Stefano Costello was arrested on a *capias* issued out of the District Court of the city of Passaic, on a certain judgment recovered by the plaintiff against him, and by virtue of the *capias* he was delivered to the sheriff of the county, and thereafter he entered into an insolvency bond, and filed his inventory and petitioned to be discharged as an insolvent debtor. An order was made by the court fixing a time and place for hearing. On that day the execution creditor appeared and

objected to the debtor's discharge, and thereafter the court made an order dismissing the petition and remanding the debtor to prison. The defendant Costello then entered into a second bond in the same terms and conditions, and again petitioned the court for his discharge. The court fixed a time and place for the hearing. The execution creditor again appeared and objected to defendant's discharge. After this hearing an order was entered dismissing the second petition and remanding the debtor to jail. He then entered into a third bond.

The first two bonds were given under section 2 of the Insolvent Debtors' act (*Comp. Stat., p.* 2824), and the last one purports to be given under section 13.

Section 2 of the act provides that on his application for discharge from imprisonment the defendant shall, among other things, give bond to the plaintiff, at whose suit he is arrested, with sufficient security, &c., with condition that he will appear before the next Court of Common Pleas, to be holden in the county, and petition the court for the benefit of the insolvent laws of the state, and that he will in all things comply with the requirements of those laws and will appear in person at every subsequent court until duly discharged as an insolvent debtor, and if refused a discharge, surrender himself immediately to the sheriff or keeper of the jail of the county, there to remain until discharged by due course of law.

The bond sued on recites that Costello had made application to the Passaic Pleas, to be discharged pursuant to section 13 of the act, having been remanded to jail upon the court not being satisfied with the truth and honesty of his declaration and confession, nor with the truth and fairness of his account and inventory exhibited in the cause, and proceeds:

"Now, therefore, if the said Stefano Costello shall appear before the next Court of Common Pleas, to be holden at Paterson, on the fourth Tuesday of April, 1916, shall in all things remaining fully and honestly comply with all requirements of the insolvents laws of this state, and shall appear be-

fore the court according to law, and if refused a discharge, surrender himself immediately thereafter to the sheriff or keeper of the jail of the county of Passaic, and thereto remain until discharged by due course of law, then this obligation to be void, otherwise to remain in full force and virtue."

The breach of condition is alleged to be that Costello did not appear at the next term of court after the giving of this bond, and did not petition the court for his discharge under the insolvent laws, and did not comply fully and honestly with all the requirements of those laws, and did not surrender himself to the sheriff or keeper of the jail of Passaic county; by reason whereof, &c.

The grounds of appeal are: (1) Because the trial judge refused to nonsuit the plaintiff. (2) Because the trial judge directed a verdict in favor of plaintiff and against defendants over the objection of defendants, whereas he should have directed a verdict in favor of defendants. (3) Because the trial judge directed a verdict in favor of plaintiff and against the defendants over the objection of defendants, whereas he should have submitted the case to the jury for its verdict. (4) Because the judgment rendered in the above cause is contrary to law. (5) Because the evidence in the trial of the cause did not warrant a judgment in favor of the plaintiff and against the defendants. (6) Because the evidence adduced on the trial of the above cause warranted a judgment in favor of the defendants and against the plaintiff. (7) Because the verdict was contrary to the weight of the evidence.

The first ground of appeal—that the trial court should have granted a nonsuit—is invalid. Turning to the case we find no specific ground upon which the motion to nonsuit was rested. Counsel for defendants said: "I think the plaintiff has failed to make out his case. I cannot see where the defendants, or either of them, have failed to comply with the conditions of the bond." The court, after colloquy with counsel on what appear to be entirely irrelevant questions, observed that the bond was not the one that should have been given, and that while section 13 was not mentioned, it seemed

to relate to a proceeding similar to the proceeding mentioned in that section. He then denied the motion to nonsuit. That was proper.

Saying to a trial judge that the plaintiff has failed to make out a case is not pointing out to him any absence of proof, or any matter of law, disentitling the plaintiff to go to the jury. Counsel cannot require the judge to run over in his mind all the evidence adduced by the plaintiff and conjure up objections of fact or law which might disentitle the plaintiff to recover, and thus run the risk of making errors of his own motion, so to speak. It is the duty of counsel to point out the questions of law or fact, or both, upon which he relies for a nonsuit.

It is pertinent here to remark that in moving for a nonsuit counsel should state specifically the grounds upon which the motion is rested, and then proceed to argue them. The arguments should not be taken down by the stenographer and should not be returned with the record or printed.

The second ground of appeal is that the trial judge directed the verdict for plaintiff when he should have directed it for defendants.

At the conclusion of the whole case, counsel for plaintiff moved to overrule the defence and asked the court to direct a verdict. After argument, which properly enough is not printed, the trial judge observed, among other things, that in his view the argument for defendants proceeded upon an erroneous assumption that the proceedings were had, and bond given, under section 13, but that the bond, however, was not given under that section as appeared by the determination of the Supreme Court in *Koch* v. *Burpo,* 91 *N. J. L.* 116. The learned trial judge was mistaken in this assumption. Counsel for plaintiff-respondent states in his brief that this bond was adjudicated to be proper by the Supreme Court in *Koch* v. *Burpo.* He also is mistaken. Mr. Justice Kalisch, in his opinion in that case, says that after the giving of the bond (the one in suit here), the sheriff released Costello, and that the plaintiff contended that this constituted an escape, because the debtor, after having been twice refused a

discharge, was not entitled to make a third application, and the learned justice winds up by the assertion that the result of the views expressed in the opinion is, that the insolvent debtor was lawfully entitled to make a third application for his discharge, and that upon the giving of a new bond and inventory by him to the sheriff, the sheriff had a lawful right to release him from custody. The form and sufficiency of none of the bonds were considered in Koch *v.* Burpo. The trial judge ruled that Costello had not complied with the insolvent laws. This was the uncontradicted testimony and he directed a verdict for plaintiff.

The third ground of appeal is, that the trial judge should have submitted the case to the jury. This is not so. The answer to this objection is the same as that directed above to the second ground of appeal, namely, that the uncontradicted testimony entitled the plaintiff to recover.

The fourth ground of appeal, that the judgment was contrary to law, is answered by the same reason.

The fifth ground of appeal, that the evidence did not warrant a judgment in favor of the plaintiff, and

The sixth ground, because the evidence warranted a judgment for defendants, is equally bad with

The seventh ground, that the verdict was contrary to the weight of the evidence.

That this court in reviewing judgments of courts of law has no power to pass upon the weight of evidence, has long since been definitively settled; and all such judgments under review are to be sustained, so far as factual questions are concerned, if there be any competent evidence to support them.

Some observations upon the character of the bond sued and recovered on, and the breaches thereof, will not be out of place.

In *Koch* v. *Burpo, supra,* it was held that the number of times an insolvent debtor might apply for his discharge was unrestricted, and that being refused his discharge for any cause, he might make any number of new applications. Therefore, when Costello was refused his second discharge he was at liberty to make a third one; but the kind of proceeding he

was authorized to take was the giving to the officer in whose custody he was a true and perfect inventory, under oath or affirmation, of all his goods, &c., lands, &c., and the giving of a bond to the plaintiff at whose suit he was arrested, under section 2 of the act, with sufficient security in double the sum for which he was taken in execution, with condition that he appear before the next Court of Common Pleas and petition for the benefit of the insolvent laws, and in all things comply with the requirements of those laws, and appear in person at every subsequent court until duly discharged, and if refused discharge surrender himself to the sheriff or keeper of the jail, there to remain until discharged by due course of law. It is provided, in section 8, that at the hearing in this proceeding the debtor shall appear and exhibit a just and true inventory of his estate, and a list of all his creditors with the amount of debts to them due and owing, and that the court shall proceed to examine into the truth and justice of such application, and to consider and examine the truth and fairness of the account and inventory. This examination, under section 9, is of the debtor himself. This proceeding was had in the first two applications of Costello, and in each instance it appeared to the court that he had not complied with the act, and it was ordered and adjudged that his petition be dismissed and his discharge refused, and he was remanded to prison. In this situation he assumed to give a bond under section 13 of the act. In this he erred. The trial judge was right in his assertion that the assumption that the proceeding and bond were under section 13 was erroneous.

The situation contemplated by section 13 did not exist. If the execution creditor was not satisfied with the truth and honesty of the declaration, &c., of the debtor, &c., and offered and undertook to prove that such debtor had concealed and secreted part of his estate, &c., it would have been lawful for the court to remand the debtor if such creditor undertook for his keep, &c., and the debtor might have entered into bond to such creditor that he would in all things remaining fully and honesty comply with the requirements of the insolvent laws, &c., and if refused a discharge surrender himself imme-

diately to the sheriff or keeper of the jail, which bond, if forfeited, might be prosecuted, &c. The next section, 14, provides that after such debtor shall be so remanded, or shall not have been discharged on bond, he may file in the clerk's office a declaration in the form prescribed by the statute, averring that he ought to be discharged out of custody because he hath well and truly complied with the Insolvent Debtors' act, and that the creditor may file a plea traversing the declaration, to which the debtor may join issue, which shall be tried before the court and jury, and if the jury find for the debtor he shall be discharged out of custody, and if they find for the creditor he shall be continued in custody until thence delivered by due course of law. These are the things remaining to be complied with on the bond under section 13. Obviously, sections 13 and 14 had no application to Costello's case.

Now, the bond sued upon not having been a proper one, the recovery had thereon is, nevertheless, sustainable as on a voluntary bond. In *Emanuel* v. *McNeil*, 87 *N. J. L.* 499, we held that where there was no coercion or duress, and the bond sued on not being prohibited by statute, and not being contrary to public policy, but being founded upon a good and sufficient consideration, and intended to subserve a good and lawful purpose is, between the parties, good as a voluntary bond. The bond sued on here was not the product of coercion or duress; was not prohibited by statute in the circumstances of this case, and would have been according to the statute if the proper situation had existed; was not contrary to public policy, and is founded upon a good and sufficient consideration and intended to subserve a lawful purpose, namely, to secure the release from imprisonment of the principal obligor, and it is, therefore, between the parties, good as a voluntary bond. The defence, by the way, was not that the bond is invalid, but that its conditions were performed.

It is argued for defendants-appellants that the plaintiff failed to offer evidence that the defendant did not appear before the Court of Common Pleas as required by the bond sued on. In *Sholes* v. *Eisner*, 90 *N. J. L.* 151, this court held that,

because the plaintiff did not produce affirmative proof that his judgment debtor, who petitioned for discharge under the Insolvent Debtors' act, did not appear in person at every subsequent court until discharged, the motion to nonsuit should have been granted, lack of that evidence not having been supplied in the further progress of the trial. Assuming that the defendants here were entitled to a nonsuit at the close of the plaintiff's case, for the reason just mentioned, they showed in the testimony adduced on their behalf that, although Costello perfunctorily appeared in court, he did nothing to comply with the conditions of his bond.

Merely appearing in the Common Pleas Court is not a compliance with the condition to appear. The debtor is required to do more; he must appear for a purpose. He is required, by himself or counsel, to crave audience of the court and announce the purpose of his presence, and must also in all things required of him comply with the insolvent laws. That was the undertaking in his bond. As a fact, as already remarked, he did nothing unless it were to appear perfunctorily in court on the given day. There was, therefore, a breach of every condition of the bond, and, therefore, the plaintiff was entitled to recover.

An important question is suggested by the state of the record in the case at bar. In Koch *v.* Burpo, Mr. Justice Kalisch refers to section 17 (*b*) of the Insolvent Debtors' act as leaving unrestricted the number of times that such a debtor may apply for his discharge. But does the right to make subsequent applications give the debtor the right to so apply on the identical state of facts adjudged against him on his last prior application? The inventory of Costello, on his first application, contained fourteen items, aggregating in amount $53.20, and his list of creditors contained ten names, with claims aggregating in amount $956.54. After hearing the first application, the court held that the petitioner had not complied with his petition and the Insolvent Debtors' act, and dismissed his petition, refused his discharge and remanded him to prison. A few days later Costello filed a second peti-

tion and identically the same inventory and list of creditors, and again went to hearing upon identically the same state of facts. Again he was denied a discharge. The court this time, in addition to adjudging that he had not complied with his petition and the Insolvent Debtors' act, adjudged in terms that he had not made out a true, perfect and complete inventory of all his assets and liabilities, and had fraudulently removed goods and chattels from this state and from the jurisdiction of the court, and that he had fraudulently concealed assets. Although the testimony taken in the Common Pleas Court is not before us, it would seem as though the proofs on both of these applications must have been substantially the same, because the issues in both were identically the same; and this would have made the matter *res adjudicata* against the petitioning debtor on his second application, unless section 17 (*b*) of the Insolvent Debtors' act means that a person imprisoned may repeat any number of applications to the Court of Common Pleas on identically the same facts and have each application passed upon *de novo,* which may well not be so. It would seem that if an insolvent debtor on his first application is denied his discharge because he had failed to make a true, perfect and complete inventory, or had fraudulently removed goods from the state and the jurisdiction of the court, or had fraudulently concealed assets, one or more of these, he would be obliged on his second application to add to the inventory anything omitted, and add to his list of creditors the names of any who had been omitted, with the sums due to them, so as to make a novel case for the court to pass upon, or else be met with a plea of *res adjudicata.*

This question of *res adjudicata* is in nowise raised in the case *sub judice,* and is therefore not passed upon; but, as it is so prominently suggested in the record before us, we think it desirable to make a query concerning it, so that in future cases it may receive the attention of court and counsel when present and properly raised.

The views above expressed lead to an affirmance of the judgment under review.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 15.

*For reversal*—None.