**FIFE et al. v. INDEMNITY INS. CO. OF NORTH AMERICA et al.   (No. 1926.)**

(Court of Civil Appeals of Texas. El Paso.
April 15, 1926. Rehearing Denied
May 6, 1926.)

**1. Mechanics' liens ⬅312—Surety must show that contractor's lawful bond importing consideration was executed solely on compulsion of void statutes to avoid it on such ground (Vernon's Ann. Civ. St. Supp. 1918, arts. 5623, 5623a; Rev. St. 1911, art. 7093).**

To avoid building contractor's bond to pay for labor and materials, which is lawful and imports consideration (Rev. St. 1911, art. 7093), as given under compulsion of unconstitutional statute (Vernon's Ann. Civ. St. Supp. 1918, arts. 5623, 5623a), surety must show that it was executed solely on compulsion of such statutes, and that rights secured belonged to maker without such compliance.

**2. Mechanics' liens ⬅312—Recital in contractor's bond that purpose was to secure performance of contract in compliance with statutes which had been declared unconstitutional held not to show that it was executed solely on compulsion of such statutes (Vernon's Ann. Civ. St. Supp. 1918, arts. 5623, 5623a).**

That contractor's bond was executed solely on compulsion of void statutes was not shown by mere recital therein that it was desired to secure faithful performance of contract in compliance with Vernon's Ann. Civ. St. Supp. 1918, arts. 5623, 5623a, which makers are presumed to have known, when bond was executed, had been declared unconstitutional.

**3. Appeal and error ⬅878(1).**

Matter complained of by party not appealing from judgment rendered cannot be considered.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Locksley Fife and another against the Indemnity Insurance Company of North America and another. From a judgment for the named defendant, plaintiffs appeal. Reversed and rendered.

Crane & Crane, of Dallas, for appellants.
W. P. Bondies and Albert B. Hall, both of Dallas, for appellees.

HIGGINS, J. The Southern Construction Company agreed to build a house for the J. W. Bartholow Company, and gave a bond in the sum of $3,925, dated March 6, 1924, with the appellee Indemnity Insurance Company of North America as surety thereon. The bond recites the making of the building contract, and then reads:

"And whereas, it is desired that the faithful performance of said contract by said Southern Construction Company be secured to the said J. W. Bartholow Company, and that payment be secured to all persons who may perform labor or furnish material incident to the performance of said contract, in compliance with the provisions of articles No. 5623 and No. 5623a of the Revised Statutes of the state of Texas:

"Now, therefore, we, Southern Construction Company, as principal, and the undersigned as sureties, acknowledge ourselves held and firmly bound, jointly and severally, to the said ———, as well as to all persons who may perform labor or furnish material on said contract or in any manner incident to the performance thereof, in the sum of thirty-nine hundred twenty-five and no/100 dollars ($3,925.-00), lawful money of the United States of America, to be paid to the said J. W. Bartholow Company, or to said persons who may perform labor or furnish material or their executors, administrators, or assigns, at Dallas, Texas, for which payment well and truly to be made, we, jointly and severally, bind our heirs, executors, and administrators.

"The condition of this obligation is such that if said Southern Construction Company, principal, shall truly and faithfully perform said contract, and shall well and truly pay all subcontractors, workmen, laborers, mechanics, and furnishers of material, in full for all work done, labor performed, and material furnished in the performance of said contract, or in any manner incident to the performance thereof, then this obligation shall be null and void; otherwise, to remain in full force and effect.

"This bond is made for the use of all persons and corporations who may furnish labor or material on the hereinbefore mentioned contract, and may be sued on by them or either or any of them, as if they and each of them were specifically named as the obligees herein."

The construction company defaulted in the contract, and the building, with the consent of appellee, was completed by the Bartholow Company. Upon completion, the latter company had on hand of the contract price the sum of $433.62, available for the payment of claims of subcontractors and materialmen holding liens against the building. Locksley & Francis F. Fife furnished the construction company material which was used in the construction of the building and fixed a statutory lien to secure its payment. Their bill amounts to $1,075.03. A. F. Bliss acquired the claims and liens of other subcontractors and materialmen against the building.

The Southern Construction Company, the Indemnity Insurance Company, Bliss, and the Fifes, are parties to the present suit. By its judgment the court prorated between Bliss and the Fifes the said sum of $433.62, awarding to the Fifes $175.18. The Fifes also obtained judgment against the Southern Construction Company for $899.85, the balance due upon their claim, but they were denied any recovery against the Indemnity Insurance Company upon the bond. From this judgment the Fifes appeal, complaining of that portion of the judgment denying to them recovery against the insurance company.

Articles 5623 and 5623a, R. S. 1911, as

amended in 1915 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5623, 5623a), in so far as they require the owner to give the bond therein prescribed were declared unconstitutional long prior to the execution of the bond herein sued upon. Southern Surety Co. v. Nalle & Co. (Tex. Com. App.) 242 S. W. 197.

The appellee pleaded that the bond sued upon was given under compulsion of and to comply with these statutory provisions, which were unconstitutional, wherefore the bond sued upon was invalid. It may be conceded that a bond given solely under the compulsion of an invalid statute is likewise invalid, but in the case cited it was said:

"The general rule is that a bond, whether required by statute or not, is good at common law if entered into voluntarily and for a valid consideration, and if not repugnant to the letter or policy of the law. A bond executed in pursuance of a statute is not necessarily void because the statute is afterwards declared unconstitutional. If entered into for a lawful purpose without duress and for a valid consideration, independent of the statute, such bond may be enforced as a common-law obligation."

Again, in United States, etc., v. Henderson Co., 276 S. W. 203, Justice Speer, speaking for the Commission of Appeals said:

"It cannot be denied that a bond executed solely by authority of a void statute to secure a right which the maker would otherwise have without such execution is void as for duress; but the bond in the present case cannot be avoided upon this ground. Before the bond could be thus avoided, it would have to appear that it was executed solely upon the compulsion of the void statute and that the rights secured thereby rightfully belonged to the maker without such compliance; in other words, that the sole consideration for executing the bond was the void statute."

What was said by the Commission of Appeals in the two cases cited is supported by authority in other jurisdictions.

In Love v. McCoy, 94 S. E. 954, 81 W. Va. 478, L. R. A. 1918C, 832, it was said:

"A bond executed according to the requirements of a statute afterwards declared unconstitutional is not necessarily void. The test of the enforceability of such an instrument, if it has the essentials of a common-law obligation, is whether it is based upon a consideration independent of the statute, or some profit or advantage has accrued to the obligors from its execution which otherwise they would not have received."

In United States v. Hodson, 10 Wall. 409, 19 L. Ed. 940, this language was used:

"Every one is presumed to know the law. Ignorance standing alone can never be the basis of a legal right. If a bond is liable to the objection taken in this case and the parties are dissatisfied, the objection should be made when the bond is presented for execution. If executed under constraint, the constraint will destroy it. But where it is voluntarily entered into, and the principal enjoys the benefits which it is intended to secure and a breach occurs, it is then too late to raise the question of its validity. The parties are estopped from availing themselves of such a defense. In such cases there is neither injustice nor hardship in holding that the contract as made is the measure of the rights of the government and of the liability of the obligors."

See, also, Koch v. Costello, 108 A. 225, 93 N. J. Law, 367; Stevenson v. Morgan, 93 N. W. 180, 67 Neb. 207, 108 Am. St. Rep. 629; State v. Cochrane, 175 S. W. 599, 264 Mo. 581; 3 Williston on Contracts, § 1588.

[1] The bond here sued upon was executed for a lawful purpose. It is in no wise repugnant to the letter or spirit of any law. The making of the bond imports that it was supported by a consideration. Article 7093, R. S. 1911. Under the ruling in United States, etc., v. Henderson Co., supra, in order to avoid the bond, it was incumbent upon the appellee to show:

"That it was executed solely upon the compulsion of the void statute and that the rights secured thereby rightfully belonged to the maker without such compliance; in other words, that the sole consideration for executing the bond was the void statute."

[2] The burden thus resting upon appellee was not, as it contends, discharged by the mere recital in the bond that it was desired to secure the faithful performance of the building contract "in compliance with the provisions of articles No. 5623 and No. 5623a of the Revised Statutes of the state of Texas."

At the time the bond was executed the makers are presumed to have known that the law cited had been declared unconstitutional, and imposed no obligation upon them to execute the same.

We are, therefore, of the opinion the court erred in denying recovery against the Indemnity Insurance Company of North America. The judgment will be reversed and here rendered accordingly.

[3] Bliss has filed a brief in this court complaining of the insufficiency of the amount apportioned to him of said sum of $433.62, in the hands of the owner of the building. Bliss did not appeal from the judgment rendered, and the matter complained of by him is not before this court for revision.

Reversed and rendered.

### On Rehearing.

In response to the suggestion of appellee that our opinion does not clearly disclose the scope of our judgment, we desire to say that the judgment of the lower court that appellants Fife take nothing against the Indemnity Insurance Company of North America is reversed, and judgment is here rendered in favor of the Fifes against said company for $899.85, with interest at the rate of 6 per

cent. per annum from January 1, 1925, together with costs in the lower court and upon appeal. In no other respect is the judgment of the lower court disturbed.

Other features of the motions for rehearing by said company and Bliss are sufficiently disposed of by the main opinion, and we see no occasion to change our ruling.

The motions are overruled.